SABERSKI v. VELOSKY *et al.*

*(Supreme Court, Special Term, New York County.   June 23, 1890.)*

SPECIFIC PERFORMANCE—EXCHANGE OF LAND—DEFICIENCY IN QUANTITY.
  After plaintiff and defendant had entered into an agreement for an exchange of real estate it was discovered that defendant's property was deficient in quantity. *Held*, that specific performance of the contract, with compensation to plaintiff for the deficiency, would not be enforced.

Action by Rosa Saberski against Anna Velosky and others for specific performance of a contract to exchange real estate.

*S. M. Roeder*, for plaintiff.   *Levy & Levy*, for defendants.

BEACH, J.   By a written agreement, dated September 10, 1889, the plaintiff and defendants agreed to an exchange of real properties owned by them respectively in this city. That of the defendants was described as being 25 feet wide, and it is but 24. The plaintiff brings suit to enforce a specific performance, with compensation to her for the deficiency of one foot. There is a divergence in the evidence upon the subject of what was said about the dimensions of defendant's lot when the contract was executed. From the peculiar mention of its depth in the agreement, in connection with the oral testimony upon defendant's behalf, I am inclined to conclude that the defendant's contention upon the point is correct. The defendant's lot is wholly covered in width by a building, and there can be no doubt that the plaintiff viewed it with particularity enough to be aware of that fact. There are reasons, apparently well established by authority, which, in my opinion, prevent the rendition of a decree, conforming to the relief prayed in plaintiff's bill of complaint. The foundation of the jurisdiction of this court to decree specific performance is the inadequacy of the remedy at law. Fry, Spec. Perf. § 12, p. 48, with numerous adjudications given in note. In this case I have no doubt that a court of law can afford the plaintiff an adequate remedy through an action for damages. The contract is one for an exchange of realty, and the defendants being unable to perform, by no act of theirs, the inability constitutes a perfect defense in equity. Id. § 658, pp. 389, 390, and note; *Beck* v. *Allison*, 4 Daly, 421; *Sternberger* v. *McGovern*, 56 N. Y. 12. The reason of the rule is that a decree would, in substance, call upon the party to perform a contract which he did not make. In the case at bar, the agreement was for an exchange, the values and money to be paid, specifically fixed, for the barter. To compel the defendants to make compensation in money would for them create an obligation they had never assumed, nor intended to assume. The words of the court in *Sternberger* v. *McGovern*, *supra*, state the principle, and also answer the authorities cited on plaintiff's behalf: "The counsel cites numerous authorities showing that, when a vendor is unable to perform the entire contract, the purchaser may, if he chooses,

enforce performance of that part which the vendor can perform, and recover compensation for the part unperformed. I have examined these and find that, in general, they are cases where there is a failure of title in the vendor to a part of the premises agreed to be conveyed, and when a proper deduction from the purchase price can be ascertained and determined so as to do complete justice between the parties in the case before the court." Upon the main proposition the court say: "Under this construction the plaintiffs, if unable to give title to the Thompson-Street property, might have been compelled to take the Mott-Haven, and pay cash therefor. As above remarked, this would entirely defeat the intention of the parties, as appears from the language of the entire contract. That shows that the object was to exchange the one property for the other, the defendant paying the estimated excess in the value of the plaintiff's property to them. This being so, the contract was entire, and a specific performance of a part cannot be awarded." And again: "Under such a contract, to require the defendant to convey the Mott-Haven property to the plaintiffs, and pay such compensation as the court should determine its market value was impaired by the outstanding inchoate right of dower or such sum as the real value of such right ascertained by the tables of mortality, would be harsh and oppressive." The case of *Smyth* v. *Sturges*, 108 N. Y. 495, 15 N. E. Rep. 544, was one where on the one side was only money, and, as in many others, under such a condition there may be a sound footing for decreeing a part specific performance, with money compensation. Of the same nature is *Bostwick* v. *Beach*, 103 N. Y. 414, 9 N. E. Rep. 41.

Decree for the defendants dismissing the complaint, without costs.