[No. 14191.　Department Two. — October 3, 1891.]

ALFRED OLSON, APPELLANT, v. C. A. LOVELL, RE-
SPONDENT.

VENDOR AND PURCHASER — CONTRACT FOR EXCHANGE OF LAND — CONVEY-
ANCE BY CO-OWNERS — REPUDIATION BY OWNER NOT BOUND — SPECIFIC
PERFORMANCE. — A contract for the exchange of land by the terms of
which the party of the first part is to convey a tract of land owned by
him, and pay a money consideration to two persons named as parties of
the second part, who are to convey in exchange therefor a city lot owned
by them as co-tenants, but which is signed only by one of the parties of
the second part, the name of the other having been signed by his co-owner
without authority, cannot be specifically enforced by the party of the
first part against the co-owner signing the contract, if the other co-owner
has repudiated the contract and refused to comply with its terms.

ID. — DAMAGES FOR BREACH OF CONTRACT — FRAUD. — The co-owner signing
the contract, not being liable for a breach of the contract, is not liable
for damages therefor, upon his refusal to convey his interest in the land,
and cannot be held liable in damages, unless it be for fraud or deceit.

APPEAL from a judgment of the Superior Court of Sac-
ramento County.

The facts are stated in the opinion of the court.

*Robert T. Devlin*, for Appellant.

*McKune & George*, for Respondent.

McFARLAND, J. — Plaintiff brought this action to com-
pel defendant to specifically perform a certain contract
for the conveyance of land.　Defendant demurred on the
general ground of want of facts, and also on certain spe-
cial grounds.　The demurrer was sustained, and judg-
ment was rendered for defendant.　Plaintiff appeals.

It appears from the complaint that on January 21,
1890, a certain written contract was entered into, which
purports upon its face to have been made by plaintiff as
a party of the first part, and the defendant, C. A. Lovell,
and one F. E. Judson, as parties of the second part.　By
this contract, plaintiff was to convey to defendant *and*
Judson a certain tract of land in Placer County, and pay
them $1,750; and defendant *and* Judson were to convey

to plaintiff a certain lot of land in Sacramento City. The contract was signed by plaintiff and by defendant, but was not signed by Judson. Judson's name was signed to the contract by defendant, in this manner: " F. E. Judson, by C. A. L." There is nothing else on the face of the contract, or in any way attached to it, to intimate that defendant was the attorney in fact or agent of Judson; and he does not assume to sign Judson's name as his attorney. And indeed it appears from other averments in the complaint that plaintiff did not rely upon any legal authority of defendant to bind Judson, but upon the probability that the latter would agree to whatever defendant might promise for him in the premises.

No fraud is alleged against defendant

It is averred that Judson resided at the time in the Eastern states; and that defendant in fact had no authority to bind Judson, who, it is to be inferred from the complaint, although not directly averred, has repudiated the contract.

It is further averred that plaintiff tendered to defendant the sum of $875, being one half of said $1,750 mentioned in the contract, and offered to grant him the undivided one half of said land in Placer County, or if defendant preferred, the one half of said land in severalty; and thereupon plaintiff demanded of defendant that he convey to plaintiff the undivided one half of said lot of land in Sacramento, and tendered him a conveyance thereof, and demanded that he execute the same; but that the defendant refused to execute the deed to plaintiff of said undivided one half, or of any interest in said lot in Sacramento. The prayer is, that defendant be adjudged to convey to plaintiff said undivided one half of said lot in Sacramento, upon the payment to plaintiff of said $875, and his execution of a deed to the one half of said land in Placer County.

The case at bar cannot be distinguished in principle from *Jackson* v. *Torrence*, 83 Cal. 521. In that case Torrence and wife signed a written contract to convey cer-

tain land in which the wife had a separate interest. The wife afterwards repudiated the contract, and as she had not acknowledged it, she could not be compelled, under the statute, to perform it. It was then sought to compel the husband to convey his interest in the property, on receipt of his proportion of the agreed price; but it was held that this could not be done.

It is true that in *Jackson* v. *Torrence*, 83 Cal. 521, the parties were husband and wife; and this court, in its opinion in that case, very naturally notices some of the peculiar results which would follow a specific performance by the husband; as, for instance, that the wife would be left a tenant in common with strangers. But the ground upon which the decision rested was, that to force such a specific performance upon W. H. Torrence would be to compel him " to perform a contract which he never made or intended to make." This court there says: " The only contract he executed, or intended to execute, was a contract in which his wife was to join for the conveyance of the whole property for a round sum. Until the contract was completed by the accession of his wife, there was no contract of which there could be any breach or failure to perform."

And so in the case at bar. To compel defendant to convey an undivided half of the Sacramento lot would be to force him "to perform a contract which he never made or intended to make." He did not contract to convey his half of the lot, thus making·plaintiff and Judson co-tenants thereof, or to take in exchange an undivided half of the Placer County land and half of the $1,750, thus becoming a tenant in common with plaintiff. The reasons why he might not want so to do may not be so striking as in the case of Torrence and wife, but the principle to be applied is the same. The contract upon its face clearly means that defendant and Judson were to convey the whole of their land in exchange for the whole of plaintiff's land, together with the whole of a certain named sum of money; and if such contract cannot be specifically enforced *as written,* then it cannot be so en-

forced at all.   We think, therefore, that the demurrer was
properly sustained.

There is also a claim in the complaint—not separately
stated — in which it is averred that by reason of "the
breach of covenant to convey on the part of the defend-
ant, hereinbefore set out, and of his failure to specifically
perform the same," plaintiff has sustained damages in
the sum of three thousand dollars, for which he also
prays judgment.   But waiving respondent's point that
such a cause of action could not be joined with the
other, and that it should have been specifically stated,
we do not see how, upon the averments in this com-
plaint, appellant could recover damages because respond-
ent did not do what he was not legally liable to do.   The
question whether, with proper averments, defendant
could be held in damages in an action based upon some
such ground as deceit or fraud does not here arise

Judgment affirmed.

DE HAVEN, J., concurred.

BEATTY, C. J., concurring. — The decision in *Jackson*
v. *Torrence,* 83 Cal. 521, does not, in my opinion, apply
to the facts of this case, but I concur in the judgment
on the ground that Lovell's contract to convey his inter-
est in the Sacramento lot cannot be enforced, except
upon condition of giving him what he bargained for;
viz., a half-interest, undivided, in the Placer land, with
Judson for co-tenant.   He did not agree to take such in-
terest with plaintiff as co-tenant, nor did he agree to take
a divided half of the land in severalty.   He has never
been offered, and he cannot get, what he agreed to take.
Therefore he cannot be compelled to convey; and for the
same reason he is not liable in damages, unless, as sug-
gested by Justice McFarland, for fraud or deceit.