ARTHUR BRISBANE, complainant-respondent,

*v.*

JAMES A. SULLIVAN et al., defendants-appellants.

[Submitted July 10th, 1916.   Decided November 20th, 1916.]

1. A court of equity will not decree the specific performance of a contract with compensation unless it can do equity to all the parties before it.

2. Where it appears, at the hearing on a bill filed by the vendee for the specific performance of a contract for the conveyance of land in fee-simple, that the vendor's title depends upon the legality of a tax sale, which, if illegal, leaves the vendor with a life estate only, although his grantor, not a party to the suit, conveyed a fee-simple estate, and where the tax proceedings and sale are not set aside, a decree that the vendor convey all the estate he has in the land, which will be a fee-simple if the tax sale should be sustained in a direct proceeding to test its validity, with an abatement of the purchase price based upon the assumption that a life estate only is to be compensated for, is inequitable, for it may give the vendee a greater estate than he pays for, and deprive the vendor of his property without fair compensation. Under such circumstances the court cannot, by enforcing a substituted contract with compensation, do equity, and therefore the vendee will be left to his remedy at law.

---

On appeal from a decree of the court of chancery advised by Vice-Chancellor Howell and reported in *83 N. J. Eq. 182.*

*Mr. Randolph Perkins,* for the appellants.

*Messrs. Riker & Riker,* for the respondent.

The opinion of the court was delivered by

BERGEN, J.

The owner of a tract of land devised it to his daughter for life with remainder to the heirs of her body living at her death, and in default of such heirs over to other persons. The daughter

intermarried with William P. Kastenhuber and now has two infant children living. After the death of the testator she neglected to pay the taxes assessed against the property and it was sold for their payment. At the sale one Dieffenbach became the purchaser to whom a deed was made for the lands by the municipality making the sale. Dieffenbach then conveyed the land to the husband of the life tenant, and he, by a deed in which his wife, Dora, joined, to one Billington, and he to Ella J. Sullivan in trust for James A. Sullivan. All of the deeds, subsequent to that of the city, contained full covenants with warranty, and each undertook to convey a title in fee-simple. James A. Sullivan, for whom the title was held by Ella J. Sullivan, entered into a contract with one Milnor, who assigned it to the complainant, by the terms of which Sullivan agreed to sell the land in fee for $4,800, subject to a mortgage of $2,000, given by William P. Kastenhuber after the tax sale, the balance of the consideration to be paid by a second mortgage on the property for $800 and $2,000 in cash. When the mortgage of $2,000 was given, and the subsequent deeds executed and delivered, all the parties supposed that by the tax sale Dieffenbach acquired a title in fee-simple. After the making of this contract, the complainant had the title examined by a title guaranty company, which reported to him that the proceedings which resulted in the tax sale were irregular, and that the tax deed passed no estate, whereupon the complainant refused to take the title unless this alleged defect was removed, and this not being done, he filed his bill of complaint for the specific performance of the contract. The vice-chancellor who heard the case determined that the proceedings resulting in the tax sale were irregular and that the tax deed passed no title, and that all the title which Sullivan had acquired was the life estate of Dora Kastenhuber, which he held had been conveyed by the deed of her husband, in which she joined, to Billington, and advised a decree that the defendants convey to the complainant not a life estate but "all of their respective right, title and interest in and to the premises herein above described," with compensation for the alleged deficiencies in title, by the abatement of the agreed consideration from $4,-800 to $39.88.

This result was reached by crediting the defendants with the estimated value of a life estate, with interest from the date when the contract required the deed to be delivered, and also with the cost of repairs made to the property.

Against this the defendants were charged with the mortgage of $2,000, as though limited to a life interest; the rental value of the property, and $200 paid on account of the purchase price when the contract was signed, leaving a balance of $39.88. From this decree defendants appeal.

The contract which this decree requires be specifically performed is materially variant from the one entered into by the parties. The estate is reduced from a fee-simple to one for life, subject to a mortgage given to cover the fee-simple, without affording the mortgagee a hearing, and the vendor is required to abate the contract price upon the theory that he has only a life estate from his vendor who conveyed to him a fee-simple with full covenants subject to the mortgage. If it should be here-after held, in a direct proceeding by the remaindermen to recover the land after the termination of the life estate, that the tax sale was regular and passed the fee to Dieffenbach, then the complainant would, under this decree, have the entire estate, and the defendants be deprived of their property, without compensation. Nor, in an action at law by defendants against their grantor for a breach of the covenant in his deed, would their grantor be estopped by this decree from showing the regularity of the tax sale and that he had a perfect title when he conveyed.

While relief by specific performance is said to rest on the sound discretion of a court of equity, still, if the contract be certain, for a fair consideration, and the party seeking enforcement is not in default, performance will be decreed.

Mr. Justice Garrison, speaking for this court in *Page* v. *Martin, 46 N. J. Eq. 585,* said: "That relief rests not upon what the court must do, but rather what, in view of all the circumstances, it ought to do. * * * In every case of this character the court is chiefly concerned with the equities of the parties before it." In the case under review, the defendant Sullivan, supposing in good faith that he had a title in fee-simple, subject

to a mortgage of $2,000, agreed, in writing, to convey such a title, and the purchaser, claiming that the title was defective because of imperfections alleged to exist in the tax sale proceedings, at first refused to accept the title until the defect was removed, but, this not being done, he filed his bill for the specific performance of a contract which he knew when the bill was filed could not be performed in a material part if his claim concerning the tax sale was correct, and, under a prayer for general relief, asked for and obtained a decree that the vendor should convey through his trustee, who is a defendant, all his interest, whatever it may be, with an abatement of the consideration price based upon the inefficacy of the tax sale deed, which is not set aside by the decree, and cannot be for want of proper parties. If this substituted contract be enforced, Sullivan will be deprived of his property for an inadequate price if, when he sues his vendor for breach of his covenants, such vendor demonstrates the legality of the tax sale.

The doubt concerning the defendant's title might be sufficient to refuse him relief if he were seeking performance, for his vendee is not bound to take a doubtful or unmarketable title, nor to buy a law suit, and he would only lose the benefit of his bargain by the refusal of performance by the vendee, but, in the present case, the court cannot do equity between all the parties, which is the matter with which the court is chiefly concerned in giving relief in cases of this character. It cannot estop the complainant from maintaining the perfection of the tax title if assailed by the remaindermen, nor can it protect the defendant from a like condition should he proceed against his grantor for damages for breach of his covenant, neither can it restrain the mortgagee from maintaining that the mortgage encumbers the entire estate and that it is not limited to a life estate. The wrong that the defendant suffers is that by this substituted contract he is required to convey his property for a price fixed with reference to an estate which may be hereafter, in a direct proceeding between proper parties, established to be greater than that upon which it is based, thus allowing complainant to acquire an estate for which he has paid no compensation to the injury of the defendants. We are of opinion that under the circumstances

present in this case we cannot do equity to all of the parties by decreeing specific performance of the substituted contract with compensation.

There is nothing in this case which shows that the complainant requires this property for any special or unusual reason, which would put this case out of the ordinary class in which this special relief is sought, or that his legal remedy is insufficient.

The result which we have reached makes it unnecessary to consider the question, so earnestly argued by the appellant, whether the complainant can have specific performance with compensation when he knows, before he files his bill, of the alleged imperfections in title, and which, if true, prevents vendor from performance, and no opinion is expressed on this question.

The bill should be dismissed, and for that purpose the decree reversed.

*For affirmance*—MINTURN, KALISCH—2.

*For reversal*—THE CHIEF-JUSTICE, GARRISON, SWAYZE, TRENCHARD, PARKER, BERGEN, BLACK, WHITE, HEPPENHEIMER, WILLIAMS, TAYLOR, GARDNER—12.