## RYAN *v.* EVANS.

[No. 24,040.   Filed October 14, 1924.   Modified and rehearing denied January 16, 1925.]

1. SPECIFIC PERFORMANCE.—*Complaint for.*—*Sufficiency of.*—A complaint alleging an agreement between the plaintiff and defendant for the exchange of lands, plaintiff's performance of the obligations on his part, default of defendant, in that he had represented himself to be the owner of the lands to be exchanged by him and was able to convey them and warrant

the title, but had only a two-thirds interest therein, remainder belonging to his wife, and praying specific performance to extent of defendant's ability to perform and damages in proportion to his inability, sufficiently stated a cause of action for specific performance.   p. 574.

2.   SPECIFIC PERFORMANCE.—*Special Finding of Facts.—Sufficiency.*—In a suit for specific performance of a contract to exchange lands, a special finding was held insufficient which merely found that plaintiff had deposited with the specified bank "abstracts to the several tracts" where the contract required him to "furnish with each tract of real estate a good and sufficient abstract showing a good and sufficient title to said real estate" in the plaintiff.   p. 578.

3.   TRIAL.—*Special Finding of Facts.—Performance of Conditions Precedent.*—In a suit for specific performance of a contract for the exchange of lands, a special finding that the plaintiff had "fully performed all the terms and conditions imposed on him by said contract" was insufficient to show the performance of said conditions, notwithstanding the provisions of §376 Burns 1914, §370 R. S. 1881, which authorize the pleading of conditions precedent by alleging the conclusion that the party has performed all the conditions on his part, but which expressly require that the facts showing performance must be proved on the trial.   p. 578.

4.   TRIAL.—*Special Finding of Facts.—Stating Conclusions Insufficient.—Statute.*—The statute (§577 Burns 1914, §551 R. S. 1881) providing that, when properly requested, the court must make a special finding of the facts and state the conclusions of law thereon, requires the court to "first state the facts in writing", and this requirement is not complied with by merely stating the court's conclusions without stating the facts proved.   p. 578.

5.   SPECIFIC PERFORMANCE.—*Special Finding of Facts.—Market Value of Lands.*—In a suit for specific performance of a contract for the exchange of lands, a statement in a special finding that the parties in negotiating the deal had placed certain prices on their respective lands and that "they are the fair and reasonable values of said lands for all the purposes of this contract, and the parties cannot now dispute them" was not a finding of the market values of said lands or that any binding agreement as to values had been made, or of facts which would constitute an estoppel to deny the values indicated.   p. 579.

6.   SPECIFIC PERFORMANCE.—*Decree when Complete Performance Impossible.*—Where the parties have merely agreed to exchange lands, without any agreement as to the money value

of either, and it is not possible to enforce the contract substantially as made, a court should not undertake to make a new contract for them by commanding that a sum of money shall be paid in lieu of a part of what one party, had agreed to give in exchange. p. 580.

7. SPECIFIC PERFORMANCE.—*Complete Performance Impossible.* —*Proper Remedy.*—Where parties agreed to exchange lands on the basis of "trading prices" therefor, and one of them is unable to perform in full, the other's remedy, would not be specific performance. p. 580.

From Grant Circuit Court; *G. A. Henry,* Special Judge.

Suit by Wilbur J. Evans against Colver P. Ryan for specific performance. From a judgment for plaintiff, the defendant appeals. *Reversed.*

*Gus S. Condo* and *John R. Browne,* for appellant.

*Strickler & Messick, Thomas B. Dicken, James W. Noel* and *Hubert Hickam,* for appellee.

EWBANK, J.—Appellee, as plaintiff, sued to enforce specific performance of a written contract for the exchange of lands, and recovered a judgment decreeing that, upon conveyance of his lands to defendant (appellant), he should receive from defendant a deed for an undivided one-half of the lands which defendant had agreed to convey to him, and should recover $9,412.50 "as compensation" because of the inability of defendant to convey the other half interest in the lands, which belonged to his wife. Overruling a demurrer to each paragraph of the complaint and stating an erroneous conclusion of law upon the special finding of facts (among other rulings) are assigned as error.

The first and second paragraphs of the complaint are based upon allegations that defendant is the owner of the lands which he agreed to convey. And since it clearly appears, without controversy, that at the time the contract was entered into and continuously there-

after, he owned only an undivided interest in such lands, we shall not consider the question whether or not the facts therein alleged would constitute a cause of action if such facts really existed. The findings are based upon the third paragraph of the complaint and answers thereto. The written contract sued on, as set out in the third paragraph of the complaint and in the special finding, was executed only by the plaintiff and defendant, and provided as follows, in substance: That plaintiff agreed to sell and convey by sufficient warranty deed, and to furnish, with each tract, an abstract showing that he had good title thereto, three described tracts of land, as follows: (1) Some 280 acres in Louisiana, subject to the right of way of a certain railroad, "about 160 acres of said real estate being cleared and improved with good fencing and three negro houses, and the remainder being timber land." (2) Some eighty acres in Iowa, "subject to a first mortgage incumbrance of $2,500, bearing 5½% interest, and a commission mortgage of about $40, also subject to all ditch and drainage taxes and assessments, and also subject to the tenant's lease now on said tract * * * reserving the landlord's share of the 1914 crop now on said real estate." (3) Some 160 acres in Wisconsin. And, in consideration of the conveyance by plaintiff to defendant of said lands, defendant agreed to sell and convey to plaintiff by sufficient deed, and to furnish plaintiff with an abstract showing title in himself, certain described real estate, as follows: Some 1,255 acres in Louisiana, "together with all personal property belonging to said second party (defendant) and also his interest in all crops and subject to the tenant's lease." That the exchange of real estate was to be closed within thirty days if the abstracts could be completed and examined within that time, and deeds were to be executed by said parties and placed in a designated bank until the abstracts should

be completed and approved, when they should be delivered to the respective grantees.

The third paragraph of complaint alleged that the parties executed this agreement in writing, and that the mutual covenant of each to convey was the consideration for its execution, that within thirty days plaintiff had executed warranty deeds conveying his lands to defendant, and had deposited them and abstracts complete to date in the bank named, in accordance with the terms of the agreement, and had "performed each and all of the conditions of said written agreement on his part by him obligated to be performed." That plaintiff notified defendant of said facts, and of the fact that the bank was instructed to deliver said deed and abstracts to defendant upon performance of his agreement to convey said 1,255 acres to plaintiff, as provided in the agreement. That defendant failed and refused, and still fails and refuses, to execute such a conveyance, the action being commenced more than a year later. That the deeds and abstracts are still on deposit in said bank, which is now and at all times has been willing, able and ready to deliver them to defendant upon the execution and deposit with said bank, for delivery to plaintiff, of an abstract showing and a warranty deed conveying to plaintiff a good title to said 1,255 acres. That when the contract was executed, defendant represented and stipulated therein that he was the owner of said 1,255 acres, and was able to convey and warrant the title thereto, and that plaintiff believed and relied upon such statement and stipulation at that time and at the time he executed his said deeds and deposited them in the bank, but that defendant owned only an undivided two-thirds interest in said lands, while his wife owned the remaining third, and that defendant knew those facts at the time said contract was executed. That said 1,255

acres are still owned and held in the same manner and form as when said written contract was executed. That the only adequate relief for plaintiff will be specific performance by defendant to the extent of conveying his interest in said 1,255 acres. The pleading concluded with a prayer that defendant be compelled to convey the 1,255 acres so far as he could, and that plaintiff have an abatement of part of the purchase price, or a judgment for the value of any part which defendant might be unable to convey, in proportion to the interest which it should be found he could not convey. We think that this paragraph of complaint sufficiently stated a cause of action for specific performance by the conveyance of that interest in the 1,255-acre tract to which defendant might have title, so as to withstand a general demurrer, and that no error was committed in overruling defendant's demurrer. No question is presented as to the sufficiency of its averments or any of them to withstand a motion to make them more specific. The defendant answered by a denial, and by a special plea that plaintiff had fraudulently misrepresented the quality and value of his lands, and thereby had induced defendant to enter into the contract in reliance upon such representations, and that plaintiff's lands were worth many thousands of dollars less than they would be if they were as represented, and that defendant had rescinded the contract for that reason. And a supplemental answer was filed alleging that, after the action was commenced, the plaintiff had exercised acts of ownership and created liens upon his real estate by which he had disabled himself to convey the title thereto subject to the liens mentioned in the contract.

Pursuant to a written request by the defendant (appellant), the court made a special finding of facts and stated a conclusion of law thereon, to which appellant excepted. The special finding contained much sur-

plusage, reciting items of evidence without stating the
ultimate facts which such evidence proved, and mere
conclusions without the facts from which they were
drawn. But, in substance, the court found the follow-
ing: That plaintiff was the owner in fee of three tracts
of land situated in Iowa, Louisiana and Wisconsin re-
spectively, as described in the written contract above
referred to; that defendant and his wife were each the
owner of an undivided one-half part of the tract of
1,255 acres in Louisiana, described in said contract;
that after certain negotiations by letter, telephone and
otherwise, plaintiff and defendant caused the said con-
tract to be prepared, and executed it; that, at the time
of executing the contract, defendant held himself out
to be the owner of all the 1,255-acre tract, with full
power to sell and convey it, and told plaintiff that it
would not be necessary to have the signature of his wife
thereto, and plaintiff did not know that defendant's
wife owned an interest in said lands, not under the con-
trol of her husband. "That within thirty days there-
after plaintiff executed proper and sufficient warranty
deeds of conveyance to defendant Ryan for lands re-
spectively in Iowa, Wisconsin and Louisiana, being the
lands owned by plaintiff and specified and described
in said contract, and, with the abstracts to the said
several tracts, deposited said deeds in the    *    *    *
bank, and gave notice by letter to the defendant that he
had deposited his deeds and abstracts pursuant to their
said contract," and that they remained continuously in
the custody and possession of the bank thereafter; "that
said deeds of the plaintiff were warranty deeds such as
were contemplated in said contract, and that they con-
veyed to the defendant the fee simple title to said three
separate tracts of lands. And that plaintiff within
thirty days after the signing and execution of said con-
tract fully performed all the terms and conditions im-

posed upon him by said contract, and ever since until now he has been and is ready to perform any and all conditions of said contract on his part remaining to be performed." But that defendant never furnished plaintiff with abstracts of title to his lands, nor deposited such abstracts or deeds of conveyance for his lands with said bank, but, after going to see plaintiff's land, refused to comply with the contract or to go on with the trade and so told plaintiff's attorney. That all statements and representations made by either party to the other before the contract was executed were substantially true and correct, and were made without fraudulent intent, and there was no relationship of trust or confidence between the parties at the time the contract was executed.

Upon these facts, the court stated a conclusion of law to the effect that the contract should be specifically enforced as against the defendant (appellant) by requiring him to convey to plaintiff (appellee) the 1,255-acre tract, and that, in case he proved unable to convey all of it, the plaintiff was entitled to recover a sum of money by way of abatement of the price for the part not conveyed at the rate of $15 per acre for that part of the tract not conveyed. Defendant excepted to this conclusion of law, and after a number of motions had been made and overruled, the court rendered judgment, as was stated above, decreeing the conveyance to plaintiff of an undivided half of the 1,255-acre tract by defendant or by a commissioner appointed for that purpose, and reciting that, "It is therefore considered, adjudged and decreed by the court that the plaintiff have and recover from said defendant said sum of $9,412.50 together with costs," etc.

It will be observed that while there was an attempt, by the statement of conclusions, to find that plaintiff

had executed and tendered deeds for his lands, 2-4. and that he deposited them in the bank "with the abstracts to the said several tracts," there is no finding whatever that he performed his agreement to "furnish with each tract of real estate so conveyed a good and sufficient abstract of title showing a good and sufficient title to said real estate in said" appellee, nor that the abstracts deposited with the bank showed appellee to have a good title, nor that they were ever delivered or offered to defendant for examination or put where he might examine them without first conveying his land; whereas the contract provided that the deeds should be deposited and the abstracts submitted to the other party for examination and approval and should show appellee to have a good title. Appellee relies on the recital in the special finding that he "fully performed all the terms and conditions imposed on him by said contract." But the statute (§376 Burns 1914, §370 R. S. 1881) which provides that in pleading the performance of a condition precedent, it shall be sufficient to allege the conclusion that the party performed all the conditions on his part, expressly enacts that the facts showing performance must be proved on the trial. And the statute (§577 Burns 1914, §551 R. S. 1881), under authority of which appellant required the court to find the facts specially, provides that, upon proper request, the court "shall first state the facts in writing, and then the conclusions of law upon them." That the plaintiff had fully performed his contract, which bound him, among other things, to furnish defendant with abstracts showing that he had a good title to the lands he was exchanging, was a conclusion to be drawn from the law governing such contracts as applied to certain facts which plaintiff was bound to prove at the trial, and the existence of which the court must find specially if plaintiff were to recover. Merely stating the

conclusion without reciting the facts proved was not sufficient where a special finding had been duly and properly requested. *Lester* v. *Hinkle* (1923), 193 Ind. 605, 141 N. E. 463; *Cable Co.* v. *McElhoe* (1915), 58 Ind. App. 637, 653, 108 N. E. 790.

We have seen that no facts were found as to the value of any of the real estate owned by either party, but that the court concluded, as matter of law, that plaintiff was damaged in the sum of $9,412.50, and entered a judgment in his favor as against defendant for that amount. The special finding recited evidence introduced on the issue of alleged fraud to the effect that some time before the contract was executed, defendant had written to an agent that he "had been holding all along for $15 per acre, but if you [the agent] can make a quick cash sale I will take $12.50 net," and that the day before it was executed, defendant, in a conversation with plaintiff, said that he had 1,255 acres of land in Madison Parish, Louisiana, which he would sell for cash for $12.50 per acre, or would trade it at $15. And the finding further recited that defendant testified that, in the same conversation, plaintiff stated that he was holding his 280 acres in Louisiana at $20 per acre, would sell his 160 acres in Wisconsin at $35 per acre, and that his eighty acres in Iowa were easily worth $150 per acre, but that plaintiff denied making such statements, and another witness who heard the conversation could not remember what price he fixed on the 280 acres in Louisiana. And the court made a "finding" as follows (our italics) :

"(12) The court finds that upon the question of values the parties, for the purpose of the contract, themselves fixed and agreed upon the prices and values at which the various tracts of land respectively *were held by each party,* prior to the signing and execution of the contract, which prices and values are as follows:

The 80 acre tract in the State of Iowa owned by the plaintiff, $150 per acre. The 160 acre tract in the State of Wisconsin owned by the plaintiff, $35 per acre. The 280 acre tract in the State of Louisiana owned by the plaintiff, $20 per acre. The 1,255-acre tract in the State of Louisiana owned by the defendant, $15 per acre. And the court finds that as these prices, or values, were placed upon these lands by the parties themselves, they are the fair and reasonable values of said lands for all the purposes of this contract, and the parties cannot now dispute them."

Whatever the foregoing may mean, it does not amount to a finding that the different tracts of land mentioned were of fair market values as stated, nor that the parties had made a binding agreement with each other fixing said values, nor that facts existed which estopped the parties respectively, or either of them, to deny that each or any tract was of the value indicated. The prices at which lands were held by the parties for trading purposes could not control in determining questions depending upon the actual market values. The language used may refer to some items of evidence not in the record which may have tended to prove the values, but clearly is not such a finding of market values as will support a conclusion that plaintiff's damages by reason of failing to obtain title to one-half of the 1,255 acre tract amounted to $7.50 per acre, for which judgment was rendered.

The authorities hold that where the parties have merely agreed to an exchange of one article for another, without agreeing upon the money value of either, and it is not possible to enforce the contract substantially as it was made, a court should not undertake to make a new contract for them by commanding that a sum of money fixed by the court shall be paid in lieu of all or a large part of what one party

had agreed to give in exchange. A party having knowledge that a "trading price" had been placed on property in excess of its value might put a like price on his own property and agree to an exchange of the properties, even though he knew that neither would sell in the market for the price put upon it, but he would not agree to give half of his property and pay half of the inflated price in money for property which he knew was not worth any such amount. *Sternberger* v. *McGovern* (1874), 56 N. Y. 12; *Saberski* v. *Velosky* (1890), 11 N. Y. Supp. 668; *Morss* v. *Elmendorf* (1844), 11 Paige Ch. (N. Y.) 277, 287; *Olson* v. *Lovell* (1891), 91 Cal. 506, 27 Pac. 765; *Brisbane* v. *Sullivan* (1916), 86 N. J. Eq. 411, 99 Atl. 197.

The evidence is not in the record, and we cannot know what was proved at the trial, or what may be proved when the case is again tried. But, upon the facts stated in the special finding, the plaintiff would not be entitled to specific performance of his contract. And even without the evidence, enough appears to show that the cause was tried on the wrong theory, and that, in the interest of justice, the parties should be given an opportunity to present the facts that are really pertinent.

The judgment is reversed, with directions to grant a new trial, and for further proceedings not inconsistent with this opinion.