[Civ. No. 6129. First Appellate District, Division Two.—February 27, 1928.]

FRED A. WALDECK, Respondent, v. FRED F. HEDDEN et al., Appellants.

W. W. Kaye for Appellants.

J. Marion Wright and George Beebe for Respondent.

KOFORD, P. J.—This was an action for the specific performance of an agreement of exchange by which the defendant Fred F. Hedden agreed to exchange several pieces of property or equities in the city of Los Angeles together with $5,000 for plaintiff's stock ranch and personal property thereon, in the county of Tulare. Two other actions growing out of the same transaction were commenced by defendants against plaintiffs on the same day and these were coincidently tried by the court upon the same evidence. One of these actions was an action by the Heddens against Waldeck for a rescission of the exchange agreement based upon allegations of fraudulent representations. The other action was for forcible entry and detainer by the Heddens against Waldeck and wife to recover possession of one parcel of the Los Angeles property which had been delivered into possession of the Waldecks; to wit, lot 106 and the north one-half of lot 105 on Branner Avenue.

Substantially the same issues raised by the two actions filed by the Heddens were raised by their answer in the action for specific performance. Separate findings and judgment were made in each case. Hedden went into possession of the ranch, but when these actions were filed Waldeck and Hedden entered into a written agreement that

Hedden's possession of the ranch should continue as that of caretaker and should not in any manner prejudice nor affect the rights of the parties.

The court found that the agreement of exchange was fair and equitable, was not subject to rescission on the grounds of alleged fraudulent representations and gave judgment to the plaintiff for partial specific performance. For various reasons differently affecting the several pieces of Los Angeles property, the defendants were unable to convey title to some of the property and to that extent the court gave the plaintiff a money judgment equal to the value, as determined by the court, of such parcels which the defendants agreed to convey but could not, as follows:

First: The defendants were unable to deliver title to the property referred to as the Alexandria Street property because they held only an option on the same and the option had expired. For this reason the court gave the plaintiffs judgment for its value as fixed by the court.

Second: Lot number 106, Branner Avenue, was found to be the community property of Hedden and wife. Mrs. Hedden had not signed the exchange agreement. The court, nevertheless, decreed a specific performance and conveyance of this lot apparently upon the ground that she had not commenced an action to void the agreement within a year and that she was estopped from asserting her interest on account of having yielded possession to the plaintiffs in pursuance of the agreement.

Third: Three lots in Highland Park tract were found to be the separate property of Fred F. Hedden and specific performance as to them was decreed. Appellants attack this finding claiming that there is no evidence in the record to overcome the presumption that his property was community. It had been conveyed to Hedden in 1920 at which time Hedden and his wife were living together as husband and wife and had been living together as such for many years last past.

Fourth: The north one-half of lot 105 on Branner Avenue (which adjoined lot 106 and formed with it a part of one inclosure) was found to belong to Hedden and wife as joint tenants as separate property. The judgment decreed a specific performance as to Fred F. Hedden's undivided

interest and gave plaintiff a money judgment for the market value of his wife's remaining undivided one-half interest.

Fifth: The Parkman Terrace property could not be conveyed by the defendants because it had been conveyed to a third party by Mr. Hoganson, in whose name the property stood. Because of defendants' inability to convey this property the court gave judgment for the value thereof.

Summarizing this judgment, a specific performance was ordered of lot No. 106, the community property of the parties, of an undivided one-half interest in the north one-half of lot 105 held in joint tenancy by the defendants, and of the lots in Highland Park tract claimed by appellant also to be community property. The money judgment aggregates $24,250 principal. The value of the plaintiff's ranch and improvements together with personal property thereon was fixed by the court at $42,000 and on the other hand the value of the properties which the defendants agreed to exchange for the ranch together with $5,000 cash was found to aggregate $44,600. The court found that the exchange agreement was not inequitable and that the consideration was not inadequate.

In addition to attacking the sufficiency of the evidence to support the findings, appellants' points on appeal are that the court erred in decreeing a specific performance of an undivided joint interest in one piece of property, and second, in decreeing a specific performance of community property when the wife had not joined in signing the agreement of exchange, and third, that an agreement to exchange real property cannot be specifically enforced as to part with abatement or money compensation for that part which cannot be conveyed, at least where the shortage in quality and quantity is as great as shown by the judgment in this case.

■ The decree is erroneous in compelling the defendant Hedden to convey his undivided one-half interest in the north one-half of lot 105 on Branner Avenue. The exchange agreement called for all the north one-half of that lot. Under the authorities specific performance of the undivided one-half interest owned by one agreeing to convey all will not be decreed. It is said that such a decree amounts to the making of a new contract for the parties. (*Linehan* v. *Devincense,* 170 Cal. 307, 311 [149 Pac. 584] (overruling earlier cases); *Olson* v. *Lovell,* 91 Cal. 506 [27

Pac. 765]; *Jackson* v. *Torrence,* 83 Cal. 521 [23 Pac. 695].)

The finding of the court that the Highland Park tract lots were the separate property of defendant Hedden is not sustained by the evidence. These lots were acquired by Hedden in 1920 by an ordinary grant deed received in evidence. At that time he was, and had been for a long time, married to and living with his wife, his co-defendant, Ida Ella Hedden. The presumption arose from this that the property was community property. Respondent has tried but failed to point out any evidence to overcome this presumption except defendant Hedden's unexplained statement that he was in a position to convey it. This is not sufficient. Evidence to overcome this presumption must be clear and convincing. (*Davis* v. *Green,* 122 Cal. 364, 366, 367 [55 Pac. 9].) This property should have been found to be community property in consonance with the presumption because of the lack of evidence to overcome the presumption. Being thus community property acquired since Civil Code section 172a was enacted in 1917 (Stats. 1917, p. 829), the agreement of exchange was not enforceable without the wife joining in the execution of the agreement.

Lot 106, Branner Avenue, was found by the court to be community property, but nevertheless it was decreed to be conveyed. Respondent defends this part of the judgment by finding XXIV, which reads: " . . . she took no steps at any time to avoid or set aside said instrument; that she, with her husband, gave the plaintiff possession of the property described as the north half of lot 105 and lot 106 of the Short Line Villa Tract about four weeks after June 5, 1922, with full knowledge of the terms of said contract; that the plaintiff was a purchaser under said contract in good faith and for value, without knowledge at the time of the execution of said contract of the marriage relation between Fred F. Hedden and Ida Ella Hedden."

The last clause of this finding would bring the matter under the first proviso of Civil Code, section 172a, which reads: "Provided, however, that the sole lease, contract, mortgage or deed of the husband, holding the record title to community real property, to a lessee, purchaser or encumbrancer, in good faith without knowledge of the marriage relation shall be presumed to be valid"; and the first

part of the finding, it is claimed, brings the matter under the second proviso or last clause of said section which reads: "But no action to avoid such instrument shall be commenced after the expiration of one year from the filing for record of such instrument in the recorder's office in the county in which the land is situate," while the middle part of the finding is said to amount to a finding of estoppel.

Where all the necessary elements of an estoppel exist under proper pleadings it may be invoked against the wife from asserting her claims under Civil Code, section 172a. (*Rice* v. *McCarthy,* 73 Cal. App. 655 [239 Pac. 56].) But the finding here is insufficient as a finding of estoppel. It does not embrace all the necessary elements. The circumstances of the wife's yielding possession with her husband do not appear. The husband had the power to select a new domicile, and in that case it would be her duty to follow him. There is no finding that plaintiff was in any way prejudiced or misled to his injury by her conduct. The exchange agreement had already been signed, no deeds were ever executed and both defendants refused to go on with the exchange. Mrs. Hedden never promised to sign. She generally disapproved of the exchange. She gained no advantage and caused no injury by moving out.

The wife is not barred by the last clause of Civil Code, section 172a, because the exchange contract was not recorded. The filing of the complaint and *lis pendens* cannot be recognized as a substitute for the recording of the contract mentioned in Civil Code, section 172a, as the beginning point of the period of limitation. The code provision is plain and specific. It does not admit of such a substitute. The wife's defense pleaded by way of answer and not by way of complaint would relate back to the time of filing of the action. Although she pleaded that it was joint property instead of community, the court found it was community property.

Plaintiff was not ignorant of the marriage and is, therefore, not protected by the first proviso of Civil Code, section 172a. The plaintiff made his investigations of defendants' property through his daughter, Mrs. Wright, who acted as his agent. The evidence shows that she called upon both the Heddens in their home and knew of the marriage.

Her knowledge is imputed to her father as an agent's knowledge is imputed to his principal. (Civ. Code, sec. 2332.)

We conclude, therefore, that specific performance of the conveyance of lot 106, the community property of the Heddens, cannot be decreed because Mrs. Hedden did not join in the agreement of exchange and is not estopped by the code section nor estopped by conduct nor barred by the section from asserting her rights.

None of the property which the defendant Hedden agreed to convey therefore can be ordered conveyed by a court of equity.

It is true that in general where a vendor is unable to convey all he has agreed to convey, the vendee at his option may have specific performance so far as possible and money compensation for that portion which is impossible. This compensation has been usually based upon the average or unit value as agreed upon by the parties.

It is true that in general a contract of exchange may be specifically enforced as well as a contract to convey for money. Cases are cited, however, which hold that partial specific performance with money compensation for shortage will not be decreed against one who had agreed to convey in exchange for other specific property. These decisions are based both upon the point that the parties have not agreed upon a price which the court can apply to the shortage and also upon the point that in agreements of exchange each party often gives inflated valuations of his property in the belief that the other party to the exchange has overvalued his property, so that the court, in compelling partial specific performance with money compensation for shortage based either upon the market value or the exchange value, would in effect be making a new contract for the parties. (*Williams* v. *Pearman* (Tex. Civ. App.), 164 S. W. 44, and cases cited: *Ryan* v. *Evans,* 195 Ind. 570 [145 N. E. 6].) *Olson* v. *Lovell, supra,* and *Jackson* v. *Torrence, supra,* have some points of similarity to these cases and hold that the court will not make a new contract for the parties. Appellants have cited these cases in connection with their argument that the decree as given was erroneous in granting partial specific performance and abatement or compensation in money based upon value fixed by the court. The total values and money compensation for shortages compared

together show that more than one-half could not be conveyed.

If we are right in our conclusion that these parcels and title interests which the court decreed should be conveyed by the defendants cannot be ordered conveyed, then the question is not whether an agreement for the exchange of lands without an agreed price per unit can be partially specifically enforced with abatement in money compensation fixed by the court as to the parts which cannot be conveyed. It becomes a case where none can be conveyed. The case is, therefore, governed by the well-established general rule that specific performance cannot be decreed where the defendant is wholly unable to convey. It would be a most drastic application of the court's equity power to compel the defendant to buy for money at the market value that which he agreed to take in exchange for various pieces of real estate. Such would indeed be making a new contract for the parties.

Inasmuch as the judgment must be reversed, it is not necessary for us to consider the question of the sufficiency of the evidence to support the court's findings of value of the several pieces of property involved. These findings were made in response to the issue of the adequacy of consideration and fairness of the contract as a part of the decision on specific performance. The point will not arise again on a new trial in the same way.

The judgment is reversed.

Nourse, J., and Sturtevant, J., concurred.