## Richard A. Griefen v. Joseph D. Hubbard.

### Gen. No. 10,869.

1. PERFORMANCE—*when parties to a contract are excused from.* Where a contract containing mutual covenants is sought to be entered into by several parties, one of whom has not authorized the execution of such contract in her behalf, and who, after its execution in her behalf, refuses to ratify or perform it, all parties thereto are excused from performance.

Action of covenant. Appeal from the Superior Court of Cook County; the Hon. JONAS HUTCHINSON, Judge, presiding. Heard in the Branch

Griefen v. Hubbard.

Appellate Court at the October term, 1902.  Affirmed.  Opinion filed January 19, 1904.

**Statement by the Court.**   This is an action in covenant by which appellant sought to recover damages for an alleged breach of a written agreement.

The agreement in controversy purports to be made by and between Richard A. Griefenhagen, as party of the first part, and Joseph D. Hubbard and Janet W. Hubbard, as parties of the second part.   By its terms it provides, first, for the conveyance of certain real estate therein described from appellant to said Janet W. Hubbard; and second, in consideration of such conveyance, the " party of the second part, for their part " agree to convey to " Griefenhagen or such persons as he may name " certain other described real property, and said Janet W. Hubbard also agrees to execute and deliver a note for $7,500 secured by trust deed on the property agreed to be conveyed to her.   The agreement was the result of efforts to bring about an exchange of real estate owned by the respective parties.   After some negotiations, the instrument was signed by appellant, and appellee, Joseph D. Hubbard, signed it for himself and also signed his wife's name " J. W. Hubbard by J. D. Hubbard." There is testimony to the effect that before signing the instrument, appellee, J. D. Hubbard, stated that he had authority to sign his wife's name to the contract.   Appellee's version is that he stated he had no authority in writing, but had talked the trade over with her, and that she seemed to be in favor of it, and he presumed she would do anything he recommended and would ratify the trade.   There is no written or other evidence of authority from Mrs. Hubbard.   It appears that she refused to ratify, and it is said that later, appellee obtained temporary possession of the contract, and erased with a pen the signature to the instrument which he had made of the name of his wife, stating that she repudiated the contract, and he was therefore unable to carry it out.   At the close of the plaintiff's evidence, appellant dismissed as to Janet W. Hubbard.

The issues as against J. D. Hubbard were submitted to a jury, which returned a verdict in favor of the defendant.

Goldzier, Rodgers & Froehlich, for appellant; Lackner, Butz & Miller, of counsel.

Deneen & Hamill and Charles H. Pease, for appellee.

Mr. Presiding Justice Freeman delivered the opinion of the court.

It is contended by appellant's attorney that the contract is binding on appellee, Joseph D. Hubbard, having been executed and delivered by him, even though not binding on Janet W. Hubbard, his wife; and that, therefore, appellant was entitled to a judgment for at least nominal damages. The argument is that although the legal title to a part of the property to be conveyed as provided by the agreement, was in Janet W. Hubbard and it would have been necessary in order to convey her dower and homestead rights for her to join in any deed made by appellee, it was yet within the range of possibilities for appellee, when he signed the contract, to acquire the title or obtain the necessary deeds from his said wife; and that his subsequent inability to do so, cannot relieve him from liability for damages caused by his failure to perform for himself and his wife. If appellee by said agreement had obligated himself personally as vendor of the property independently of his wife, he might have been bound by the obligations he assumed. But the contract in this case was one containing mutual covenants which were on each side the consideration of those of the other. To be valid, it required to be executed by all, as it was intended to be. It could not be performed by appellee only and it was not by its terms intended to be. Appellee did not make the agreement for himself alone, and was to receive no part of the consideration. Not only did Janet W. Hubbard hold the legal title to at least part of the realty to be conveyed, but she would have been required by the agreement to execute her note for $7,500 payable within three years and to secure it upon the real

estate to be conveyed to her. She was, moreover, the principal of the parties of the first part, to whom the entire consideration was to pass from appellant, as the second party to the agreement. It is certain that appellee could not under the terms of the proposed contract have required appellant, contrary to his agreement, to perform on his part, lacking an obligation to perform by Janet W. Hubbard. By reason of her failure or refusal to execute the contract, all the other parties alike, appellee as well as appellant, were relieved from the obligation which they had signed in the expectation that it was to be binding on all the parties named therein. " Covenants founded on mutuality of obligation and liability must be mutually binding upon the parties to them. If, therefore, one of several parties to a deed *inter partes* founded on mutual covenants neglects to execute the deed, the contract is not binding on the others who have executed it." Addison on Contracts, vol. 1, p. 192–3. Such is the contract in the case before us. See also Short v. Keiffer, 43 Ill. App. 515, 523; Tewksbury v. O'Connell, 21 Cal. 60–70 (8th Ed.) 192; 3rd Reed on Statute of Frauds, end of section 1064; Fish v. Johnson, 16 La. Annual 29; Mattoon v. Barnes, 112 Mass. 463-466.

The contract not having become binding on any of the parties named therein, appellant was not entitled to recover. The judgment of the Superior Court is therefore affirmed.

*Affirmed.*