IN THE

# SUPREME COURT

OF THE

## STATE OF INDIANA,

AT INDIANAPOLIS, NOVEMBER TERM, 1906, AND MAY
TERM, 1907, IN THE NINETY-FIRST YEAR
OF THE STATE.

---

## FOWLER UTILITIES COMPANY *v.* GRAY.

[No. 20,643. Filed January 18, 1907.]

1. INJUNCTION. — *Breach of Contracts.—Mutuality.—Specific
Performance.*—An injunction will not issue in favor of plaintiff,
a party to a contract, to prevent the defendant's violation
thereof, unless such defendant could enforce specific perform-
ance of such contract against plaintiff, or, unless plaintiff has
already performed his part of the contract. p. 3.

2. CONTRACTS.—*Meaning.—Obligation of.*—The term "contract"
implies mutual obligations; and, except in cases of options or
unilateral obligations, contracts are not usually enforceable
against one party, if not as against the other. p. 3.

3. INJUNCTION. — *Contracts.—Breach.—Specific Performance.*—
The rules of law, applicable in suits for specific performance,
govern suits for injunction to prevent the breach of a contract.
p. 4.

4. SALES.—*Contracts of.—Consideration.—Optional.—Validity.*—
A contract for the future delivery of personal property is void,
for want of consideration and mutuality, where the quantity
to be delivered is conditional upon the wish, will or want of one
of the parties. p. 5.

5. INJUNCTION.—*Contracts.—Legal Remedy.*—Equity will not take
cognizance of the enforcement of contracts where the law fur-
nishes an adequate remedy thereon, or where they are not free
from doubt as to the meaning of their provisions. p. 6.

6. CONTRACTS.—*Determinable at Will.—Specific Performance.*—
A contract determinable at the will of either party is not the
subject of specific performance either directly or by way of
enjoining its violation. p. 6.

7. CONTRACTS.—*Injunction.*—*Hot Water Heat.*—*Corporations.*—
*Public Service.*—Injunction does not lie in favor of a customer
who has contracted with a public service corporation to furnish
him hot water heat for an indefinite time, at such customer's
option, at an agreed price, though such customer, in reliance
upon such contract, has installed heating apparatus at a large
cost in order to use such heat.   p. 7.

From Benton Circuit Court; *Joseph M. Rabb,* Judge.

Suit by George H. Gray against the Fowler Utilities
Company. From a decree for plaintiff, defendant appeals.
Transferred from Appellate Court under §1337u Burns
1901, Acts 1901, p. 590. *Reversed.*

*Charles M. Snyder,* for appellant.

*Fraser & Isham, B. B. Berry* and *Dawson Smith,* for
appellee.

MONTGOMERY, C. J.—This is a suit for an injunction to
prevent the violation of an oral agreement made about
September 1, 1902, wherein appellant promised to install
in appellee's building a heating plant with sufficient ca-
pacity to heat said building to seventy-eight degrees
Fahrenheit, and to connect the same with a central hot
water heating plant, in consideration of the sum of $200
payable upon the installation of such plant, and $50 per
year payable as long as appellee desired heat to be so sup-
plied and appellant was operating its central plant under
a franchise granted by the board of trustees of the town of
Fowler. The annual payments were to be made in two in-
stallments—$25 on January 1, and $25 on October 1, of
each year—and no greater charge for heating the building
was to be made so long as appellee desired the same to be
so heated. The complaint further alleged that the plant
had been completed and heat supplied as agreed, and
that appellee had paid said sum of $200, and all other
payments as they accrued under said agreement, but that
appellant is now demanding an increased price for heating

said building, and threatening to cut off the hot water supply from the same unless said increased demand is paid. A demurrer to the complaint was overruled, and appellant answered (1) by denial, and (2) by affirmatively setting up the statute of frauds. To the latter answer appellee replied in denial. A trial resulted in a finding and decree in favor of appellee, enjoining appellant from doing any act tending to violate or terminate the agreement to furnish heat for appellee's building at the rate of $50 per year so long as he may desire such heat, and pay therefor, within the term of appellant's franchise.

The assignment of errors properly challenges the sufficiency of the complaint. The right to a future supply of hot water heat at a special price, which appellee claims and is seeking to enforce by this suit, rests wholly upon contract. The theory of the suit, as clearly manifest from the record, is that appellant is bound to supply such heat for an indefinite time, to be determined solely by the arbitrary discretion and will of appellee. It is admitted that appellee is not bound to accept such heat for any particular period, and his only obligation is an implied promise to pay at the stipulated rate for such time as he may suffer the heat to be supplied.

"The general rule is that an injunction will not be granted to restrain a breach of contract by a defendant when the complainant's promises are of such a nature that they could not be specifically enforced, unless they have already been performed." 22 Cyc. Law and Proc., 850. This rule is founded upon a want of mutuality. The term "contract" implies mutual obligations, and, in general, contracts, other than options, are not enforceable unless both parties thereto are bound, so that an action could be maintained by each against the other, for a breach. Bishop, Contracts (2d ed.), §78; Lawson, Contracts, §97; *Henry School Tp.*

v. *Meredith* (1904), 32 Ind. App. 607. There are many unilateral contracts which constitute an exception to this rule, including the right to exercise certain options, but the contract in suit has been executed in part and does not belong to that class.

The principle applicable to the contract under consideration is stated in the following paragraph, quoted from the case of *Marble Co.* v. *Ripley* (1870), 10 Wall. 339, 359, 19 L. Ed. 955: "Another reason why specific performance should not be decreed in this case is found in the want of mutuality. Such performance by Ripley could not be decreed or enforced at the suit of the marble company, for the contract expressly stipulates that he may relinquish the business and abandon the contract at any time on giving one year's notice. And it is a general principle that when, from personal incapacity, the nature of the contract, or any other cause, a contract is incapable of being enforced against one party, that party is equally incapable of enforcing it specifically against the other, though its execution in the latter way might in itself be free from the difficulty attending its execution in the former."

This is not an action for specific performance, but the contract is to be enforced negatively by an injunction prohibiting its breach, and the general rules governing such actions apply. In the case of *Iron Age Pub. Co.* v. *Western Union Tel. Co.* (1887), 83 Ala. 498, 3 South. 449, 3 Am. St. 758, involving a contract determinable at will, the court said: "We can tie the hands of the Associated Press and the other defendants by injunction, forbidding the delivery of the press dispatches to any one else than the complainant, as prayed for, and leave the complainant free to terminate the contract at its will without limitation of time or circumstances, or to perform its duties as correspondent as negligently or diligently as discretion may dictate. * * * The first decree

suggested, would be entirely opposed to all equity precedents and practice, the settled rule being, that the courts will not interfere by injunction in cases of this kind, if, indeed, in any case where defendant cannot be made secure in his rights and remedies for violation of the duties imposed on the complainant by the contract sought to be enforced. *Bromley* v. *Jefferies* [1700], 2 Vern. 415; *Richmond* v. *Dubuque, etc., R. Co.* [1871], 33 Iowa 422, and cases cited on page 486."

The application of the rule to cases of this class is concisely stated by Judge Sanborn in *Cold Blast Trans. Co.* v. *Kansas City, etc., Co.* (1902), 114 Fed. 77, 52 C. C. A. 25, 57 L. R. A. 696, 699, as follows: "A contract for the future delivery of personal property is void, for want of consideration and mutuality, if the quantity to be delivered is conditioned by the will, wish, or want of one of the parties." See, also, *Lancaster* v. *Roberts* (1893), 144 Ill. 213, 33 N. E. 27; *Welty* v. *Jacobs* (1898), 171 Ill. 624, 49 N. E. 723, 40 L. R. A. 98; *Rust* v. *Conrad* (1882), 47 Mich. 449, 11 N. W. 265, 41 Am. Rep. 720; *American, etc., Co.* v. *Harper* (1902), 54 Cent. Law J. 449; *Hoffman* v. *Maffioli* (1899), 104 Wis. 630, 80 N. W. 1032, 47 L. R. A. 427; *Campbell* v. *Lambert* (1884), 36 La. Ann. 35, 51 Am. Rep. 1; *Houston, etc., R. Co.* v. *Mitchell* (1873), 38 Tex. 85; *Philadelphia Ball Club* v. *Hallman* (1890), 8 Pa. Co. Ct. 57; *Davie* v. *Lumbermans Min. Co.* (1892), 93 Mich. 491, 53 N. W. 625, 24 L. R. A. 357. In the case last cited the supreme court of Michigan said: "When a party agrees to sell articles of merchandise, or deliver the productions of his labor, to another at a certain price as long as he can make it pay, every one must clearly understand that the term is dependent on conditions over which the promisee has no control, and, in so far as any one has the power to make the term effective, it is lodged solely in the promisor, who by judicious purchases or skilful manipulations of

labor may be able to make a transaction pay when a more careless, negligent, or improvident person would be unable to do so. This serious element of uncertainty destroys all mutuality in the contract, and gives the promisor full power to say when a further execution of the contract will not be advantageous, because he cannot make it pay. Contracts cannot arise where there is no mutuality, nor can they arise from the action of one party alone where the other has no power to prevent his action."

It was held in the case of *Philadelphia Ball Club* v. *Hallman, supra,* that an agreement, whereby one engaged to play baseball for a period of time which at the option of the club might equal the term of the player's life, and which reserved to the club the right to discharge the player on ten days' notice without cause, was not enforceable by an injunction against its violation by the player, for the reason that the agreement was too unfair, and wanting in mutuality.

When a party comes into equity it should be very plain that his claim is an equitable one. The application is in a measure addressed to the judicial discretion of the

5. court. The court will not exercise its extraordinary power to restrain an apprehended injury resulting from a breach of contract, unless the petitioner is without adequate remedy at law, and the contract itself be free from doubt and not uncertain or vague in its terms or provisions. *Loy* v. *Madison, etc., Gas Co.* (1901), 156 Ind. 332.

In the case of *Rust* v. *Conrad, supra,* a bill in equity founded upon a contract determinable at the will of one of the parties was dismissed as not of equitable

6. cognizance, the principal ground, as stated by Judge Cooley, being as follows: "But the court will also refuse to interfere in any case where, if it were to do so, one of the parties might nullify its action through the exercise of a discretion which the contract or the law

invests him with. The refusal in such a case does not depend of necessity upon any illegality, inequality, or unfairness, but it is sufficiently based upon the impropriety of imposing on the judge the labor, and on the public the expense, of an investigation of disputes when the circumstances are such as to preclude any judgment that may be rendered from being final. No court can with reason be called upon to do a vain thing: * * * All contracts where the party has reserved to himself, or where the law gives him authority to render nugatory any decree that ought to be rendered in their enforcement, rest upon the same principle. This was recognized in *Rutland Marble Co.* v. *Ripley* [1870], 10 Wall. 339, 359, 19 L. Ed. 955, and more distinctly asserted and decided in *Southern Express Co.* v. *Western N. C. R. Co.* [1878], 99 U. S. 191, 25 L. Ed. 319. In this last case the very strong assertion is made that 'a court of equity never interferes where the power of revocation exists.' "

It is admitted that the supply of hot water heat bargained for in the contract under consideration could be terminated at the will of appellee, without liability for damages, and it must follow that its continuance was dependent upon the pleasure of both parties. The decree entered by the trial court may, for aught we know, have been virtually annulled before this time at the instance of appellee in the exercise of his discretion. The agreement relied upon, so far as it remains executory, is not binding for want of mutuality, and its performance cannot be enforced in equity at the suit of either party. Other objections to the complaint have been urged, but the conclusion reached renders their consideration unnecessary.

The judgment is reversed, with directions to sustain appellant's demurrer to the complaint.

Gillett, J., absent.