## BECKER ET AL. *v.* BECKER ET AL.

[No. 7,085. Filed June 2, 1910.]

1. COMPROMISE.—*Wills.*—*Avoidance of Contest.*—*Contracts.*—*Parties.*—In order to make a valid contract in settlement of an alleged invalid will, executed while the testator was of unsound mind, all the heirs and interested parties must join. p. 96.
2. CONTRACTS.—*Written.*—*Obligation of.*—*Parties.*—*Collateral Parol Agreements.*—Where some of the persons interested in a will, alleged to have been executed while testator was of unsound mind, executed a written contract in settlement of the estate, a collateral parol agreement that such contract should be binding upon all who signed it, is not binding, being a modification of the written contract. p. 97.

From Noble Circuit Court; *Joseph W. Adair*, Judge.

Cross-complaint by Henry N. Becker and others against Joseph R. Becker and others. From a judgment for cross-defendants, cross-complainants appeal. *Affirmed.*

*L. W. Welker* and *A. A. Chapin*, for appellants.
*Walter Olds*, for appellees.

HADLEY, J.—John Peter Becker died testate on November 27, 1904, leaving surviving him as his only heirs, devisees and legatees Sarah J. Becker, his widow, Joseph R. Becker, Elmer W. Becker, John C. Becker, Fred E. Becker, Henry N. Becker, William F. Becker, Winnie Black, Hattie Beach, Harry D. Frick, Herman Frick and Lester Frick. At the time of his death he owned certain lands in Noble county. By the provisions of his will the widow was given a life estate in a portion of said real estate. The remainder of said real estate was devised to Joseph R. Becker and Elmer W. Becker in equal parts as tenants in common, subject to the payment of legacies to the legatees before named. The will provided that if the widow refused to accept the terms of the will and elected to take under the law, then Joseph R. Becker and Elmer W. Becker were to have the remaining two-thirds of

said land in fee, subject to the payment of the legacies to the legatees. Subsequently the widow elected to take under the law. Thereafter the heirs sought to enter into a written contract and a family settlement. This contract recited the death of the testator and the terms of his will, that the widow, Sarah J. Becker, had elected to take under the law, that she was the owner of one-third of the land, that Joseph R. Becker and Elmer W. Becker were the owners of the remaining two-thirds of said land, subject to the payment of the legacies described, that the parties to said contract were dissatisfied with the disposition made by the will, and desired to make a division and disposition of the land among themselves upon a basis which they considered equitable and just, and that for the purpose of making a family settlement and adjustment among said heirs and devisees said arrangement was made and entered into by, between and among the parties thereto, who were named as the only heirs and devisees of John Peter Becker, deceased.

The contract then recites:

"Said Joseph R. Becker, Naomi E. Becker, his wife, Elmer W. Becker and Gertrude F. Becker, his wife, hereby relinquish all claims of any and every kind to all the property and estate, real and personal, owned by said testator at the time of his death, and agree that the same shall be treated and disposed of as a common fund to be distributed and divided according to the provisions hereof, said Joseph R. Becker and Elmer W. Becker, however, retaining in full all of the rights and interests given to them by this instrument in said property and estate, and said Elmer W. Becker retaining his rights as tenant in the real estate herein described; and the other parties hereto (aside from said Gaby and said widow) hereby fully and completely release and discharge all of the claims, rights and interests which they or either of them may have in or to any and all parts of said property and estate, whether by virtue of said will or otherwise, neither of said parties to retain or have any right or interest in any of the property owned by said testator at his death, real or personal, except the rights given to them, and each of them, by this instrument."

The contract then provides that said Gaby shall take charge of the personal estate, pay the widow her share under the law, and distribute the remainder, one-eighth to each of said heirs. If the liabilities should exceed the amount of the personal estate, it was provided that the deficit should be made up of the proceeds of the sale of the real estate belonging to the heirs other than the widow. Said Gaby was empowered as an attorney in fact to sell said real estate upon terms set out in the contract and to make a deed for it. The contract further contained provisions fully protecting all the rights of the widow and of the tenant of said land, and providing that after the payment of all the costs, commissions and charges occasioned by said sale he should make distribution of the proceeds, one-eighth to each of said heirs, the one-eighth portion going to the mother of the Frick children, to be divided equally among the three minor heirs named. This contract was signed by all the heirs and devisees except Fred E. Becker and Fanny Becker, his wife, Naomi Becker, wife of Joseph R. Becker, John C. Becker and Sarah E. Becker, his wife, and Hattie Beach, although each was named therein as a party thereto.

Thereafter, said widow brought suit to partition the lands of said testator, averring that she was entitled, as widow, to one-third thereof, averring the indivisibility of the land, and asking that it be sold. To this complaint Joseph R. Becker and Elmer W. Becker and their wives were made parties, together with the other devisees under said will.

To this complaint appellants appeared and filed a cross-complaint, the third and fourth amended paragraphs of which aver, in substance, the facts set out in the contract, the execution of the contract by the parties signing it, and averring that at the time of the execution of said contract, Fred E. Becker, Sarah E. Becker and John C. Becker, not being present when the contract was made, it was agreed that it should be binding upon all who signed it, and that it should then be left in the care of Luke Wrigley to be

signed by the absentees at their election, and in the event that they or any of them should fail or refuse to sign it, the shares provided under said will to be paid them should be so paid in lieu of the shares provided under said contract, but that in all other respects it should be complete and binding upon the parties executing it.

It is further averred that said Wrigley never presented the contract to Sarah E. Becker, John C. Becker, Fred E. Becker and his wife, and for that reason they failed to sign it, and they are made parties defendant to the cross-complaint to declare their election and to enable the court to adjudicate the interests of all the parties; that said contract was deposited with said Wrigley for the purpose of enabling said Sarah E. Becker, Fred E. Becker and John C. Becker, at their option, to sign it; that said Joseph R. Becker repudiates and refuses to abide by said contract. Prayer for a specific performance of said contract and a distribution of the fund in accordance therewith.

Demurrers were sustained to the third and fourth paragraphs of cross-complaint, the other paragraphs having been dismissed. The court decreed that the land be sold and the proceeds distributed, one-third to the widow and the remainder under the provisions of the will. The errors relied on are the rulings on the demurrers to the third and fourth paragraphs of cross-complaint.

It is urged by appellees that the demurrers were properly sustained, since each paragraph of cross-complaint was based upon the contract before set out, and that this contract

1. is unenforceable, since it was not signed by all the parties thereto or that were affected thereby. The purpose of the contract, as specifically recited therein, and as appears from the other provisions of the instrument, was to render the will of the testate null and void, and to make a compromise and family settlement, in avoidance of litigation, and a distribution of property, which the heirs evidently believed to be a more equitable and satisfactory distribution to

all than that made by the testator. It is apparent, therefore, that fully to effectuate this purpose it was necessary for all the heirs, devisees and legatees to join in the contract.

It is averred in the cross-complaint that appellants had credible information and knowledge and were fully informed that the testator was of unsound mind and was unduly influenced when he made said will, and that it was invalid; that they believed said facts to be true, and that they had a good and valid cause of action to set it aside; that they informed appellees Joseph R. Becker, Elmer ·W. Becker, Sarah J. Becker and George Gaby of said facts relating to said invalidity, and they proposed to bring an action to contest and set it aside. Therefore, to induce appellants not to bring such action, and in consideration that they waived their rights to the will, said appellees entered into said agreement.

As here averred, a part of the consideration that induced Joseph R. Becker and Elmer W. Becker, who alone owned the fee to the land, to enter into the contract was to avoid a contest of their father's will. This could only be assured by all of the heirs' joining in the agreement. The averment of the parol agreement, that all should be bound who

2. signed, whether all the devisees signed or not, cannot relieve appellants of their difficulty. This agreement, as averred, was made prior to or contemporaneously with the writing. It is a variation, if not a contradiction, of the written instrument, and under the well-settled rules of contracts is not available as a means of relief. If such a stipulation had been incorporated in the contract, a different question would be presented. Considering the contract as a whole, it seems clear that to be binding it should be signed by all the parties. Not being so signed, it comes within the rules laid down in 1 Beach, Contracts §7, *McDaniel* v. *Anderson* (1883), 19 S. C. 211, *Fourchy* v. *Ellis* (1905), 140 Fed. 149, and *Fowler Utilities Co.* v. *Gray* (1907), 168 Ind. 1.

7 L. R. A. (N. S.) 726, 120 Am. St. 344, and does not constitute a valid, enforceable contract.

The contract upon which the cross-complaint was founded being for this reason unenforceable, the demurrers thereto were properly sustained. It is unnecessary to pass on numerous other questions presented.

Judgment affirmed.