## HESS ET AL. *v.* LACKEY ET AL.

[No. 23,905.   Filed October 4, 1921.]

1. CONTRACTS. — *Enforcement.* — *Rights of Third Persons.* — Where a contract, signed and fully executed by all the necessary parties, was made for the benefit of persons who did not join in executing it, the persons for whose benefit the contract was made may maintain an action on it in their own names to enforce it.  p. 112.

2. CONTRACTS.— *Execution.*— *Necessary Parties.*— *Enforcement.* —Where a contract in writing is obviously drawn as a mutual

agreement between several parties, to be signed by all of them, it must be so executed by all of such parties by signing it or otherwise acceding to its terms so that it binds all or it will not bind any of them.  p. 112.

3.   WILLS. — *Agreement of Legatees.* — *Execution.* — *Necessary Parties.*—*Enforcement.*—In a contract, "We, the undersigned children of R., and the only beneficiaries under her will," agree to turn over to the executor one-eighth of their distributive share of the testatrix's property with the understanding that the same be paid to disinherited grand-children, who did not sign, *held* the purpose of the agreement could not be accomplished and be binding on those who signed it, unless signed by all the legatees.  p. 113.

From Dekalb Circuit Court; *Dan M. Link,* Judge.

Action by Elsie Lackey Hess and others against Alzines Lackey and others.   From a judgment for defendants, the plaintiffs appeal.   (Transferred from the Appellate Court under §1399 Burns 1914, Acts 1901 p. 565, §15.)   *Affirmed.*

*Edgar W. Atkinson,* for appellants.
*P. V. Hoffman* and *W. P. Endicott,* for appellees.

EWBANK, J.—This action was brought by the appellants against the appellees upon an instrument of writing signed by seven of the eight appellees, but not by the appellants.   It was commenced March 8, 1917, and the final judgment was rendered November 16, 1918.

The amended complaint alleged that on a day not named, in November, 1915, one Rachael A. Lackey, who was the grandmother of appellants (plaintiffs) and the mother of the seven appellees who are alleged to have signed the contract sued on, departed this life leaving a will and a codicil thereto; that the will was executed in the lifetime of the father of appellants, and devised a share of her property to him, and provided that in case of his death his share should go to his children; but

that thereafter she prepared a codicil by which appellants, the children of her said son, were disinherited; that the codicil was made when she was not competent to execute a last will, and was not duly executed; that on November 24, 1915, the defendants entered into an alleged agreement in writing—"in order to avoid any contest of the codicil * * * and for the purpose of making provision for these plaintiffs (appellants). * * * Plaintiffs further aver that said contract was duly executed by said defendants, and that at said time the said codicil was void, which was well known to the defendants, and that the plaintiffs did at the time of the execution of said contract accept the same and did desist from contesting the said will and codicil, and did desist from bringing an action to set aside the probate thereof. * * * That at the time the defendants executed the said written contract they well knew that said Rachael A. Lackey did not have testamentary capacity at the time she attempted to make a codicil to her said will, and well knew that the plaintiffs claimed to have an interest in the said estate as devisees under the will and believed that an action would be instituted by the said plaintiffs, and that they then and there executed the said contract for the purpose of preventing the bringing of said action." It was alleged that the appellee Mason, "executor of the said will," has converted the property into money and holds $18,000 for distribution. "Plaintiffs further aver that after the execution of the said contract it was delivered to the said Warren A. Mason, to be by him carried out according to its terms and provisions."

The prayer of the complaint is that the executor be required to pay one-ninth of the assets in his hands for distribution to appellants, and be given credit for such sum in his settlement with the devisees named in the

codicil, that the devisees be required to receipt the executor for said sum, and that appellants have judgment for $2,000 against the appellees.

With this complaint, as an exhibit, and as the foundation of the action, the appellees filed an instrument of writing, which recited that whereas, Rachael A. Lackey died on November 20, 1915, leaving a will, and leaving eight children, and five grandchildren, who were the children of her son that died before she did, and whereas her will had been admitted to probate and it provided that the wife and children of the deceased son should take nothing if the son did not survive the testatrix and whereas the remaining eight children, who were the only beneficiaries under the will, desired that appellants should take collectively one-ninth of the estate after payment of debts, claims and expenses—

"Now, therefore, we, the undersigned children of said Rachael A. Lackey and the only beneficiaries under her said will, agree as follows: That we will receipt for our full one-eighth distributive share of all the residue of said estate as provided for in said will; that we will each of us turn over to Warren A. Mason, who is the executor of said will, from our said distributive share, our one-eighth part of such sum as shall amount to one-ninth of the residue * * * after payment of all debts, legacies, charges and expenses * * * only with the understanding that the same shall be paid to the five children of the said Homer Lackey in five equal shares. That none of us hereby bind ourselves to pay any sum in excess of our one-eighth part of one-ninth of the total amount which shall be distributed among us by the terms of said will. The purpose of this agreement is that of placing the children of said Homer Lackey in such position that they may take collectively and enjoy such portion of the estate of the said Rachael A. Lackey as shall be taken by each of us. We hereby authorize the payment to the legal representative of such children as are under age, of his, her or their share of said one-ninth of said estate."

Below were subscribed the names of seven (only) of the appellees (defendants). Warren A. Mason, mentioned in the alleged contract as executor of said will and sued in that capacity, did not sign. Neither did the surviving eighth child of testatrix sign, if, indeed, the seven who did sign were her children. The complaint does not directly allege that any of the defendants were children of testatrix, while three of them—a man and two women—were not named Lackey. Though in speaking of the contract it refers to them as "defendants who were beneficiaries under the said will." It is not alleged that appellants executed the alleged contract or entered into any contract. On the contrary it is alleged that three out of five of them are minors, whose guardian sues for them, jointly with the two of lawful age. It is not alleged that the appellants, in reliance upon the alleged contract, suffered the time allowed by law for contesting the will to elapse. On the contrary the alleged contract recites that Rachael A. Lackey died November 20, 1915, while this action was commenced March 8, 1918, and final judgment was rendered November 16, 1918, before the expiration of three years after her death, and necessarily before the time allowed for contesting the codicil (§3154 Burns 1914, Acts 1911 p. 325; §3159 Burns 1914, §2601 R. S. 1881) had expired.

Each of the appellees demurred to the amended complaint on the alleged ground that it does not state facts sufficient to constitute a cause of action against the party demurring. Each demurrer was sustained and appellants excepted and refused to plead further, whereupon the court adjudged that they take nothing and that the appellees should recover their costs. Sustaining these demurrers is the only error assigned on appeal.

Appellants are correct in their proposition that where

a contract, signed and fully executed by all the necessary parties, was made for the benefit of persons

1. who did not join in executing it, the persons for whose benefit the contract was made may maintain an action on it in their own names to enforce it. *Clodfelter* v. *Hulett* (1880), 72 Ind. 137, 141; *Copeland, Exr.*, v. *Summers* (1894), 138 Ind. 219, 223, 35 N. E. 514, 37 N. E. 971; *Knight & Jillson Co.* v. *Castle* (1909), 172 Ind. 97, 105, 87 N. E. 976, 27 L. R. A. (N. S.) 573; *Reed* v. *Adams, etc., Wire Works* (1914), 57 Ind. App. 259, 265, 106 N. E. 882. And if duly executed by all the necessary parties, in consideration of a binding agreement that a threatened suit to contest the codicil should not be brought, or that the time allowed for bringing such a suit should be permitted to expire without commencing it, such consideration might be sufficient to support the contract. *Mackin* v. *Dwyer* (1910), 205 Mass. 472, 91 N. E. 893; *Schoonmaker* v. *Gray* (1913), 208 N. Y. 209, 101 N. E. 886, Ann. Cas. 1914D 510. But the contract sued on was not executed by the parties who threatened suit to contest the codicil. The time within which they might commence such an action had not yet expired when this suit was brought, nor even when it was finally determined. Some of the parties mentioned in the contract as joining in its execution did not do so. And the executor, whose official action was to be controlled by it in making distribution of the assets of the estate in his hands, did not execute it, either with or without the approval of the court under whose direction he was administering such estate.

Appellees contend that the alleged contract is within the general rule that where a contract in writing is obviously drawn as a mutual agreement between

2. several parties, to be signed by all of them, it must be so executed by all of such parties, by signing it or otherwise acceding to its terms, so that

it binds them all or it will not bind any of them. *Becker*
v. *Becker* (1910), 46 Ind. App. 93, 97, 91 N. E. 966;
*Fowler Utilities Co.* v. *Gray* (1907), 168 Ind. 1, 3, 79
N. E. 897, 7 L. R. A. (N. S.) 726, 120 Am. St. 344;
*Griefen* v. *Hubbard* (1904), 112 Ill. App. 16, 19; Beach,
Contracts §§2, 7; 13 C. J. 305, 306; 1 Addison, Contracts (8th ed.) 192, 193.

In this contention we think the appellees are correct.
The word "we, the undersigned children of Rachael A.
Lackey, and the only beneficiaries under her
3. will," clearly evidence an intention to bind all of
the children of Rachael A. Lackey, who were
named in her will as beneficiaries; and wherever the
contracting parties are thereafter referred to in the instrument as "we" or "us," it clearly means all of the
beneficiaries and not part of them. The language used
imports throughout an intention that all of the eight
surviving children of Rachael A. Lackey, named in her
will as the only beneficiaries thereunder, should sign the
contract. The declared purpose of the agreement was
to give to the children of the deceased son a child's portion, which could not be accomplished unless all of the
eight legatees signed it. And there is nothing in the
instrument to evidence an intention that the contract
should bind those signing it until and unless it was
signed by all of the eight legatees. *McDaniel* v. *Anderson* (1882), 19 S. C. 211.

There was no error in sustaining the demurrer to the
complaint.

The judgment is affirmed.

Myers, J., absent.