No. 28,933.

KELLY ALLEN et al., *Appellees*, v. GUY D. ELWELL et al., *Appellants*.

(282 Pac. 706.)

Opinion filed December 7, 1929.

*Charles J. Conlon*, of Atchison, for the appellants.
*T. A. Moxcey*, of Atchison, for the appellees.

The opinion of the court was delivered by

HARVEY, J.: This is an action for the specific performance of a contract for the exchange of real property. The trial court declined to decree specific performance, but rendered a personal judgment in favor of plaintiff and against defendant under a forfeiture clause of the contract. Defendant has appealed and contends that the instru-

ment sued on as a contract never was executed by the parties so as to become a binding or enforceable contract between the parties. This contention must be sustained.

The instrument sued upon as the contract between the parties, so far as it is necessary here to reproduce it, is as follows:

"Agreement made on the 21st of March, 1925, between Kelly Allen and Daisy Allen, husband and wife . . . of the first part, and Guy D. Elwell and Mervine Elwell, husband and wife . . . of the second part. The said Kelly Allen and Daisy Allen for the consideration and on the conditions which are hereinafter set forth, agree to sell and convey to Guy D. Elwell [a certain 360 acres of land in Missouri, subject to a mortgage or deed of trust for $10,000, and a commission mortgage].

"In consideration of the foregoing agreement, Guy D. Elwell and Mervine Elwell agree and covenant: That they pay to Kelly Allen one thousand dollars. . . . That they will convey to the said Kelly Allen [a certain 80 acres of Kansas land subject to a mortgage of $4,500].

"Guy D. and Mervine Elwell execute to Kelly Allen their note for twenty-five hundred dollars . . . and deed of trust [covering the Missouri land, subject only to said first mortgage of $10,000]. Guy D. and Mervine Elwell sell and grant and deliver to Kelly Allen the undivided three-fourths interest [in a certain cigar factory at Atchison. Each warranted a marketable title and agreed to deliver abstracts and to assign insurance policies. Conveyances were to be exchanged within ten days].

"If either party fails to perform, he will pay a forfeit of five hundred dollars as liquidated damages to the one who tenders performance, and is prepared to perform as herein stated. . . .     (Signed)     KELLY ALLEN.

GUY D. ELWELL."

The instrument was never signed by Daisy Allen, one of the parties of the first part, nor by Mervine Elwell, one of the parties of the second part. There is evidence, however, that Daisy Allen joined with her husband, Kelly Allen, in a deed for the Missouri land which he tendered to Guy D. Elwell in performance on his part of the contract. Mervine Elwell declined to sign the instrument or to be bound by its provisions.

The form of the instrument is what is known as a joint contract. In 7 A. & E. Encl. of L., 2d ed., 101, it is said:

"A contract which imposes its obligation in its entirety upon two or more persons on the one hand, or confers a right upon two or more upon the other hand, is a joint contract."

In an action on a joint contract the rule is (unless modified by statute) that one of the parties is not suable alone. (Id.)  In 13 C. J. 573 it is said:

"There are three different kinds of promises or covenants, namely, those that are several, those that are joint, and those that are joint and several.

The first and simplest form is the covenant of one with another; making a several covenant on each side; or two or more may covenant together with one, making a joint covenant on the one side and a several on the other; *or two or more may together covenant with two or more, making a joint covenant on each side;* or two or more may wish to bind themselves together as a company or a partnership, and also separately as individuals for the performance of the same thing, which is a joint and several covenant. In the same contract a part of the covenants on one side may be joint and others several." (We have italicized that part of the text specifically applicable to the instrument under consideration.)

With respect to liability on a joint contract it is said:

"Where two or more make a joint promise, each is liable to the promisee for the whole debt or liability; neither is bound by himself, but both of them are bound jointly to the full extent of the promise." (13 C. J. 574.)

And on the next page it is noted that the rule is the same in equity as in law, and it is further said:

"In the absence of a contrary statutory provision, all the joint promisors must be joined in the suit, if living, and within the jurisdiction of the court." (13 C. J. 575.)

In *Boyd v. Colgan,* 126 Kan. 497, 499, 268 Pac. 794, involving a lease, it was contended that the lease was never completely executed for the reason that it was made to two persons and signed by only one of them. Respecting this contention the court said:

" . . . it is quite correct that a binding contract is not effected where a person merely signifies his willingness to contract with two designated persons and that proffered agreement is accepted by only one of them, . . ."

We have a statute relating to joint contracts which reads as follows:

"All contracts which by the common law are joint only, shall be construed to be joint and several." (R. S. 16-101.)

But before this statute can be applied it must be shown that there is a joint contract. (*Grocery Co. v. Scheetz,* 99 Kan. 772, 773, 163 Pac. 168.)

Under this statute, if the contract in question had been executed by the joint parties thereto, and then there had been a failure of the parties on the one part to carry it out, the statute would have made the liability of the parties several as well as joint, and an action might have been maintained against one of them; but the execution of the instrument in question in this case never proceeded to the stage necessary to make this statute applicable—a joint contract was not executed.

We are not dealing here with a situation which is sometimes presented where a man executes an agreement binding himself to convey real property and later finds that he cannot carry out his agreement for the reason that his wife declines to join him in the deed, or for some other reason. In such a case there is an executed contract by the only party (on the one side) who undertakes to enter into it, and in an action against him for specific performance there may be a degree of specific performance with a diminution of the price. (*Williams v. Wessels,* 94 Kan. 71, 145 Pac. 856); or, if that is not deemed equitable, actual damages may be allowed. (*Robertson v. Talley,* 84 Kan. 817, 820, 115 Pac. 640.)

The instrument in question was drawn with the obvious purpose of binding not only Guy D. Elwell, but Mervine Elwell, (1) to convey the Kansas land, (2) to "grant and deliver" the undivided three-fourths interest in the cigar factory, (3) to pay the $1,000 cash, (4) to execute a note for $2,500, and (5) a deed of trust on the Missouri land securing the note. It is obvious that this contract could not be enforced if she declined to execute it, or to agree to its terms, and the court properly declined to decree specific performance.

The court did, however, enforce the provision of the contract with respect to the forfeit of $500 as liquidated damages. It is difficult to see how a contract unenforceable for failure of execution could be the basis for this judgment any more than it could be the basis of a judgment for specific performance. Moreover, the provision in the instrument which was used as the basis for this action is not that Guy D. Elwell will pay $500 if the contract is not executed by his wife so as to become a binding obligation. The provision in the instrument contemplates an executed agreement and a failure thereafter to perform.

In support of the judgment of the court below appellee contends that there was parol evidence to support the judgment. There is no parol evidence that Mervine Elwell either executed this contract or agreed to its terms. But perhaps the most effective answer to appellee's contention is that he has predicated his suit upon this written instrument. The action is not based on prior parol negotiations; neither is it based upon subsequent parol agreements. If plaintiff recovers at all he must recover upon the instrument in question.

From what has been said it necessarily follows that the judgment

of the court below must be reversed with directions to enter judgment for defendant.

It is so ordered.