WELSH, et al, Appellants, v. PREMACK, Respondent.

(249 N. W. 1.)

(File No. 7476. Opinon filed June 26, 1933.)

D. M. Joyce, of Aberdeen, for Appellants.
Fletcher & Fletcher, of Aberdeen, for Respondent.

WARREN, J. This action was brought to recover damages for the breach of a lease upon a certain store building and its premises. At the close of the plaintiff's evidence the trial court directed a verdict for the defendant. A judgment was entered. Thereafter the plaintiffs moved for a new trial; the motion for new trial was overruled. The plaintiffs have appealed from the order denying motion for new trial and the judgment.

During December, 1930, and January, 1931, there were certain negotiations between the respondent and appellants relative to the leasing of the north half of the Welsh grocery building. The appellant lessors prepared and submitted a written lease which it seems was not satisfactory to respondent. The attorney for respondent thereafter prepared a lease containing a number of provisions which were not contained in appellants' proposed lease. The lease prepared by respondent, and which was partially executed, so far as relates to the questions here involved may be stated as follows: "This lease made this 18 day of February, 1931, by and between Mamie Welsh, Nellie W. Carrier, Robert J. Welsh,

Jr., and W. C. Welsh, heirs of Robert J. Welsh, Sr., deceased, parties of the first part, lessors, and Leonard Premack and Sam Levy, co-partners, parties of the second part lessees, (then follows the description of the property located in the city of Aberdeen, South Dakota) * * * for a term of two (2) years from April 1, 1931 * * *. It is furthed understood that the lessee shall have the option to renew this lease at the expiration thereof, for a further term of three (3) years upon giving the lessor thirty (30) days' notice prior to the expiration hereof, of his intention to exercise said option. (Signed) * * * W. C. Welsh, Robert J. Welsh, Jr., Nellie W. Carrier, parties of the first part, Leonard Premack, parties of the second part."

It will be observed that neither the lessor, Mamie Welsh, nor Sam Levy, one of the lessees, signed and executed the lease.

It would seem that the instrument or lease in question was drawn with the obvious purpose of binding not only the devisees, but also Mamie Welsh, whose name is recited in the body of the instrument. This fact in itself strongly indicates that it was contemplated that all should join in the signing and execution of the lease. The record discloses that when the lessors presented to the lessee a tentative lease the name of Mamie Welsh was not incorporated therein, but when the lease now in question was drafted the name of Mamie Welsh was included, clearly showing the intention that the lessee required Mamie Welsh's signature in order that no claims might be made by her and thereby disturb his enjoyment of the premises. The respondent was therefore under no obligation to accept a lease which might involve a question of title to the premises.

■ ■ Without her affirmative act in the signing and execution of said lease or a showing that she acceded to its terms as one of the contemplated parties, the lease was inoperative and could not be enforced against the lessee. This lease comes within the general rule that where a contract in writing is obviously drawn as a mutual agreement between several parties to be signed by all of them, it must be so executed by all of such parties by signing it or otherwise acceding to its terms so that it binds them all or it will not bind any of them, and there is nothing in this instrument to evidence an intention to bind those signing it until it was

signed by all of the parties. In Boyd v. Colgan, 126 Kan. 497-499, 268 P. 794, 795. in construing the effect of a lease which was not completly executed or delivered the court said: "Touching the first of these, it is quite correct that a binding contract is not effected where a person merely signifies his willingness to contract with two designated persons and that proffered agreement is accepted by only one of them, or by one of them and a third, or by third persons to whom the offer was not made. It is every man's right to select the persons with whom he will enter into contractual relations. Corley v. Ehlers, 99 Kan. 748, 163 P. 140; 1 Page on Contracts, § 193; 13 C. J. 273; 39 Cyc. 1203."

The Supreme Court of Indiana, in Hess et al v. Lackey et al, 191 Ind. 107, 132 N. E. 257, 258, passing upon the necessity of all the parties signing a contract in writing, said:

"Appellees contend that the alleged contract is within the general rule that where a contract in writing is obviously drawn as a mutual agreement between several parties, to be signed by all of them, it must be so executed by all of such parties, by signing it or otherwise acceding to its terms, so that it binds them all, or it will not bind any of them. Becker v. Becker, 46 Ind. App. 93, 97, 91 N. E. 966; Fowler Utilities Co. v. Gray, 168 Ind. 1, 3, 79 N. E. 897, 7 L. R. A. (N. S.) 726, 120 Am. St. Rep. 344; Griefen v. Hubbard, 112 Ill. App. 16, 19; Beach, Contracts, §§ 2, 7; 13 Corpus Juris 305, 306; Addison on Contracts, vol. 1, pp. 192, 193.

"In this contention we think the appellees are correct. The words 'we, the undersigned, children of Rachael A. Lackey, and the only beneficiaries under her will,' clearly evidence an intention to bind all of the children of Rachael A. Lackey, who were named in her will as beneficiaries."

See Allen et ux. v. Elwell et ux., 129 Kan. 296, 282 P. 706.

The signing of the lease was not completed, in that it lacked the signature of Mamie Welsh, and until the lease was completed by her signing and execution of the lease there was no lease and there could not be a breach thereof in the failure to pay rent. The appellate court of California, in treating of the necessity of the parties signing a written contract in Mullarkey v. Young, 9 Cal. App. 686, 100 P. 709, 710, said:

"We cannot assume that the intention of the parties was other than as indicated by the language used to bind all or none at all.

"But it is unnecessary to pursue the discussion further, as the identical question has been set at rest by the Supreme Court in several decisions, among which are Jackson v. Torrence, 83 Cal. 521, 23 P. 695, and Olson v. Lovell, 91 Cal. 506, 27 P. 765. In the former the learned chief justice says: 'The only contract he (the husband) executed or intended to execute was a contract in which his wife was to join for the conveyance of the whole property for a round sum. Until this contract was completed by the accession of his wife, there was no contract of which there could be any breach or failure to perform. As we have seen, the wife never did execute, and it never became binding upon the husband because it never bound her. His delivery of the contract to the purchasers, if he did deliver it, can make no difference in this conclusion. * * * It was not his fault that she was not bound, and, as his agreement was dependent on her concurrence, he cannot be compelled to convey without first making a contract for him and then enforcing compliance.' "

It is unnecessary to decide the questions raised as to the application of the statute of frauds for the reason that the appellants by their complaint seek to recover under the provisions of the written lease covering a period of two years and do not seek to recover upon a lease which is not required to be in writing by the statute of frauds. The evidence contained in the record before us fails to show a contract of any binding force and effect, but it shows quite conclusively and without question that there never was a lease entered into.

Having determined that no binding lease was made between the parties, it is unnecessary to deal with the other assignments of error presented by the appellants. The able trial court was fully justified in directing a verdict in favor of the defendant.

The order and judgment appealed from are affirmed.

RUDOLPH, P. J., and POLLEY and ROBERTS, JJ., concur.

CAMPBELL, J., concurs in result.