THE SPECIALTY FURNITURE COMPANY *v.* RUSCHE ET AL.

[No. 26,678. Filed March 19, 1937. Rehearing denied June 8, 1937.]

*McGinnis, Waller & McGinnis,* for appellant.

*Louis L. Roberts,* for appellee.

TREMAIN, C. J.—This suit was filed in the Vanderburgh Circuit Court by the appellees, Herman F. Rusche and Henry A. Rusche, on the 3rd day of January, 1936, praying for the appointment of a receiver for the appellant, a corporation. The complaint and affidavit recite that the corporation was organized under the law of this state in 1899 for the purpose of manufacturing bedroom furniture, and has a large, well-equipped factory

of the fair value of $50,000; that the indebtedness did not exceed $5,000 that it continued actively in business from its organization until 1933, when the active managers thereof died and their heirs came into control; that upon the assumption of control by the new managers, dissension arose among the stockholders and directors; that the articles of incorporation provided for a board of five directors, but on January 27, 1934, an attempted amendment of the by-laws was made by the majority stockholders, which increased the directors from five to twelve; that the attempted change was made without legal authority; that thereafter the new board of directors undertook the management of the prudential affairs of the corporation.

The complaint alleges that the dissension and disagreement which had developed among the stockholders and directors continued and became so serious that on the 2nd day of August, 1935, these appellees, as plaintiffs therein, filed an action in the Vanderburgh Circuit Court for the appointment of a receiver to take over and administer the assets of the corporation; that pending said action an agreement was entered into between the plaintiffs in that suit and the other stockholders and directors of the defendant corporation, wherein it was agreed that in consideration of the dismissal of that action, the corporation be dissolved voluntarily, and three attorneys be appointed and constitute a liquidating committee with full power to proceed with its dissolution, pay its debts, and distribute its assets to the stockholders; that said attorneys accepted the appointment, and the action for the appointment of a receiver was dismissed; that the appointment of said attorneys was evidenced by written contract, and the liquidating committee proceeded to wind up the affairs of the corporation; that they filed with the Secretary of State the proper resolutions of the stockholders and directors for

the dissolution thereof, caused an inventory and appraisement to be made of the property and assets of the corporation, and were proceeding to the sale of the personal property and real estate; that at this stage of the proceeding, the majority stockholders, constituting the board of directors, not including these appellees, in violation of their agreement whereby the former action was dismissed and the attorneys were appointed to liquidate the assets thereof, discharged said attorneys as a liquidating committee, and appointed two of the majority members, George C. Meyer and Robert R. Rusche, as agents for the liquidation and sale of the assets of the corporation; that said new agents took possession of the assets and were engaged in an attempted liquidation and sale thereof for more than two weeks prior to the filing of this action; that said Meyer and Rusche, together with other directors, constituting a majority of the board, were undertaking to control the liquidation of the assets of the appellant without regard to the interest of the minority stockholders, and on account thereof, further dissensions and controversies had arisen to the irreparable injury of the appellees, and unless a disinterested receiver be appointed, the appellees would suffer thereby.

The appellant filed an answer in abatement to the appellees' complaint, in which it is alleged that on the 24th day of September, 1934, these appellees and a majority of the stockholders entered into a written contract, wherein it was agreed that in the interest of all the parties and for the welfare and progress of the corporation, each desired that harmony and co-operation should prevail in the conduct, management, operation, and business of the corporation; that for a period of five years from that date none of the parties, either individually or collectively, directly or indirectly, should commence any action at law or in equity of any kind in any court

affecting said corporation; that each party would give his best effort and influence to the promotion and perpetuation of harmony and cooperation among the parties.

The appellant filed a demurrer for want of facts to the appellees' complaint which was overruled by the court. In addition to the answer in abatement, the appellant filed an answer in denial and also pleaded the same harmony contract in bar to the appellees' action.

Upon a hearing the court found against the appellant upon its answer in abatement, and for the appellees upon their complaint, and appointed The North Side Bank of Evansville as receiver for the appellant. The receiver duly qualified. Thereupon, the appellant perfected an appeal to this court and assigned as error the finding and ruling of the court upon the answer in abatement, and the overruling of appellant's demurrer to appellees' complaint, and the appointment of a receiver.

The first error discussed by appellant is based upon the ruling of the court in refusing to find for it upon its answer and plea in abatement. It is appellant's contention that neither party to the September, 1934, contract could maintain any action involving the appellant for a period of five years from its date; that the trial court erred in holding otherwise; that the contract not only bars an action concerning any matters then existing, but all subsequent matters which might arise during the period of five years. In support of their proposition they cite 13 C. J. pp. 455 to 459, and the *Terre Haute Brewing Co. v. Ward* (1914), 56 Ind. App. 155, 102 N. E. 395, 105 N. E. 58. In that case, in an action then pending, it was stipulated that one of the parties waived the right to a change of venue in consideration of a continuance of the action. That stipulation was made in open court and concerning a matter then pending. It was not

made to apply to any new cause which might arise subsequently.

Appellant further contends that the contract was made for the benefit of a third party (The Specialty Furniture Company) and could be enforced by it. To support their contention they rely upon *Zimmerman* v. *Zehendner* (1905), 164 Ind. 466, 73 N. E. 920; *Ferris* v. *American Brewing Co.* (1900), 155 Ind. 539, 58 N. E. 701; *Hess* v. *Lackey* (1921), 191 Ind. 107, 132 N. E. 257; *Reed* v. *Adams, etc. Wire Works* (1914), 57 Ind. App. 259, 106 N. E. 882. These cases arose from circumstances different from those disclosed by the record in this cause. In the last case cited, Judge Lairy said (p. 265) :

> " 'It is not every promise made by one to another from the performance of which a benefit may ensue to a third, which gives a right of action in such third person, he being neither privy to the contract, nor to the consideration. The contract must be made for his benefit as its object, and he must be the party intended to be benefited.' "

The contract relied upon by appellant sought to procure harmonious cooperation among the stockholders who executed it. It cannot be said that any subsequent conduct, to the detriment of the corporation, by any of the contracting parties, would leave a third party without a cause of action, irrespective of the damage to the corporation or to the non-offending party. No case relied upon by the appellant goes to that extent. At the hearing upon the answer in abatement, evidence was introduced, disclosing that the conduct of the majority stockholders subsequent to the execution of the contract pleaded in abatement, had not been harmonious and for the good of the corporation. The evidence was sufficient to warrant the trial court in holding that there had been a breach of the contract in that respect.

Upon this subject, appellant also relies upon *Hammond Theatrical Co.* v. *Gregory et al.* (1935), 208 Ind. 31, 194 N. E. 631. In that case it was held that the court rightfully denied the appointment of a receiver on account of the violation of a contract and agreement, made in open court, whereby certain notes in suit were to be deposited in escrow, and the receiver theretofore appointed was to be discharged and the cause dismissed. This was done and immediately a new action was instituted for the appointment of a receiver in violation of the agreement. The court held that this could not be done. The question there involved was that the parties agreed not to ask for a receiver as a result of a compromise of an action then pending. It did not refer or apply to future controversies, dissensions, or disagreements.

If the position of the appellant is to be upheld in this case, it would not matter what future controversy, dissension, or disagreement might arise within the period of five years, the parties would have no relief. The record discloses that dissension did arise, and that as a result thereof, a committee of lawyers was appointed to dissolve and close the affairs of the corporation. This was partly accomplished when certain majority stockholders discharged the attorneys and appointed two of their own members to control the affairs of the liquidating corporation. The evidence fully supports the court's finding against the appellant on its answer in abatement.

The appellant contends that the court committed error in overruling its demurrer to the appellees' complaint and in the appointment of a receiver; that proceedings for the appointment of a receiver are purely statutory; that a receiver cannot be appointed in an independent action, but only when it is ancillary to the main action, and it claims that this proceeding is purely independent.

Section 3-2601 Burns Ind. St. 1933, section 1143 Baldwin's Ind. St. 1934, is as follows:

> "A receiver may be appointed by the court, or the judge thereof in vacation, in the following cases: . . .
> "Fifth. When a corporation has been dissolved, or is insolvent, or is in imminent danger of insolvency, or *has forfeited its corporate rights.* . . .
> "Seventh. And in such other cases as may be provided by law; or where, in the discretion of the court, or the judge thereof in vacation, it may be necessary to secure ample justice to the parties."

It appears from the allegations of the complaint and application for the appointment of a receiver, and from the evidence, that this is an independent action for the appointment of a receiver, and that the sole relief prayed for is the appointment of a receiver to dissolve the corporation and divide the proceeds. The object of the action was to liquidate in an orderly manner and wind up the affairs of the appellant corporation under judicial supervision. It is established that the corporation was at that time in process of liquidation, and had theretofore forfeited its corporate rights by filing proper commitments with the Secretary of State.

To sustain its position that a receiver can be appointed only in an action of an ancillary nature, appellant cites *Supreme Sitting of the Order of the Iron Hall* v. *Baker* (1893), 134 Ind. 293, 33 N. E. 1128, and *State* v. *The Union National Bank* (1896), 145 Ind. 537, 44 N. E. 585. In the Iron Hall case, at page 309, the court said:

> "It is contended on the part of the appellant that a receiver can not be appointed, even under the statute of this State, when that is the only relief sought in the action, and we are cited to some decisions of other States in support of this contention, but the decisions cited are based upon statutes differing from the statutes of this State, and provided for the appointment of a receiver in cases pending."

The facts in the Iron Hall case disclose that an accounting was sought as well as the appointment of a receiver.

In *State* v. *The Union National Bank, supra*, at page 548, it is said:

> "Receivers are appointed under provisions of section 1236, R. S. 1894 (section 1222, R. S. 1881), in certain cases therein named. In all the cases named, except, perhaps, the fifth and seventh, it is plainly provided that there shall already be an action pending between the parties, in which action the receiver may be appointed as auxiliary to or in aid of the principal action."

In that case a receiver was sought for an individual and refused on that ground, not because, as contended by the appellant, that the application for the receiver was not ancillary to the main action.

The appellant takes the position that none of the grounds for the appointment of a receiver in the instant case is based upon the fifth clause of the statute. The complaint alleged, and the evidence established, that the company had been inactive for years, was in the process of dissolution, and had surrendered its corporate rights. These facts brought the cause clearly within the fifth clause of the statute.

The appellant contends that it is immaterial as to whether or not the corporation was in a process of voluntary liquidation and dissolution at the time the action was filed. This contention cannot be sustained. The process of voluntary liquidation arose subsequent to the execution of the harmony agreement, and after the liquidating committee had been appointed. While proceeding to wind up the affairs of the corporation, certain majority stockholders discharged that committee and appointed two of their own members as liquidating agents. The contract does not bar the parties from resorting to a court for redress of a wrong

committed subsequently to the execution of the contract. Such agreement would be contrary to public policy. Further, the contract executed by the parties agreeing to the dissolution of the corporation and appointing the three attorneys as a liquidating committee, had the effect to and did abrogate the harmony contract theretofore executed.

The complaint stated a cause of action and no error was committed in overruling appellant's demurrer thereto. No reason appears to the court, and none has been pointed out by appellant, disclosing that the trial court, after hearing all the evidence, was not justified in the appointment of a receiver, pursuant to clauses five and seven of the statute.

The evidence is sufficient to sustain the trial court's action. Therefore, the judgment is affirmed.