(943 P.2d 77)
No. 76,971

In the Matter of the Support of ALLISON K. MORGAN, a minor child, *et al.*, STATE OF KANSAS *ex rel.* SECRETARY, SOCIAL AND REHABILITATION SERVICES, *Appellant*, v. JOSEPH W. ANTHONY, *Appellee.*

Opinion filed September 5, 1997.

*Timothy G. Givan* and *Linda Fleeker*, of Kansas Department of Social and Rehabilitation Services, and *Randy Barker*, chief of litigation of the same agency, for appellant.

No appearance by appellee.

Before KNUDSON, P.J., ROYSE, J., and J. STEPHEN NYSWONGER, District Judge, assigned.

ROYSE, J.: Kansas Department of Social and Rehabilitation Services (SRS) brought this action against Joseph W. Anthony to obtain reimbursement for assistance and medical benefits provided for his daughter, Allison K. Morgan. The district court determined SRS had paid a total of $5,666.53 in assistance and medical benefits for Allison and found Anthony liable for one-half of the amounts paid, $2,833.26. SRS appeals.

SRS argues on appeal that the district court misinterpreted K.S.A. 39-718b. Interpretation of a statute is a question of law, subject to unlimited review on appeal. See *In re Tax Appeal of Boeing Co.*, 261 Kan. 508, Syl. ¶ 1, 930 P.2d 1366 (1997).

K.S.A. 39-718b(a) provides:

"[A] child's parent, parents or guardian shall be liable to repay to the secretary of social and rehabilitation services any assistance expended on the child's behalf, regardless of the specific program under which the assistance is or has been provided. When more than one person is legally obligated to support the child, liability to the secretary shall be joint and several."

K.S.A. 39-718b(b) sets forth some exceptions to 39-718b(a) which are not applicable here. Thus, the State is allowed to provide assistance to needy children and to recoup those expended funds from parents who have an obligation to support the children but who have failed to do so. *In re Marriage of Walje*, 19 Kan. App. 2d 809, 811, 877 P.2d 7, *rev. denied* 255 Kan. 1002 (1994).

SRS contends that 39-718b requires a parent to repay all assistance provided on the child's behalf, not just some portion of that assistance determined by the district court. We agree. The statutory language clearly and unambiguously establishes parental liability for *any* assistance paid. The statute does not limit liability to those amounts determined by the district court or make liability discretionary with the district court.

It is a rule of statutory construction that the legislature is presumed to use words in their ordinary and common meaning. *Davey v. Hedden*, 260 Kan. 413, 425, 920 P.2d 420 (1996). By using the term "any," the legislature demonstrated an intent that SRS be able to recoup the assistance paid on the child's behalf, whatever the amount. Had the legislature intended that liability under 39-718b apply only to a part of the assistance provided, the legislature could have said so.

The district court reasoned that Anthony should only be liable for half of the assistance expended, because SRS could recover the balance from the child's mother. That rationale assumes that no exception set forth in 39-718b(b) applies to the mother. But more troublesome is the fact that the district court's reasoning ignores the language in 39-718b(a), which provides for *joint and several liability* to SRS when more than one person is responsible for the child. Joint and several liability may be enforced against either or all of the parties at the creditor's option. Each obligor has the duty of fully performing the obligation. 30 Am. Jur. 2d, Executions and Enforcement of Judgments § 9, p. 44; Black's Law Dictionary 837

(6th ed. 1990) (defining joint and several liability); see *Allen v. Elwell*, 129 Kan. 296, 298, 282 Pac. 706 (1929); *Pickens v. Allstate Ins. Co.*, 17 Kan. App.2d 670, 673, 843 P.2d 273 (1992), *rev. denied* 252 Kan. 1093 (1993).

Our conclusion that 39-718b requires a parent to repay all assistance provided on a child's behalf is consistent with the holding in *State ex rel. Hermesmann v. Seyer*, 252 Kan. 646, 847 P.2d 1273 (1993). In *Seyer*, SRS filed a petition on behalf of Colleen Hermesmann alleging that Seyer was the father of Colleen's minor daughter. The petition also alleged that SRS had provided benefits on behalf of the child and that Colleen had assigned support rights due herself and her child to SRS. After finding that Seyer was the child's father, the hearing officer determined that Seyer did not have to pay the birth expenses or any of the child support expenses up to the date of the hearing, but the father did have a duty to support the child from the date of the hearing forward. Upon review, the district court concluded that K.S.A. 39-701 *et seq.* does not confer to a court any discretion in determining liability. The court ruled that the hearing officer erred by not assessing all of the expenditures jointly and severally against both parents. The Supreme Court affirmed the district court's ruling and stated: "The controlling statute, . . . K.S.A. 1992 Supp. 39-718b, . . . explicitly requires a court to order joint and several liability, with some exceptions not applicable here, when more than one person is legally obligated to support the child." 252 Kan. at 655. Although the issues in *Seyer* differed from the issue presented in this case, we believe the opinion supports SRS's contention that a court has no discretion under 39-718b when ordering reimbursement.

For these reasons, the district court erred by holding Anthony liable to SRS for only half of the assistance provided for his daughter. The decision of the district court is reversed, and the case remanded for entry of a judgment in accordance with this opinion.

Reversed and remanded.